**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF WASHINGTON**
**AT SEATTLE**

SARAH and REGINA ALONSO,

Plaintiffs,

v.

JAMES JACKSON, known online as "ONISION," LUCAS JACKSON, formerly known online as "LAINEYBOT," "LAINEY" and "KAI," and NESIAMOTU INC.,

Defendants.

Case No. 3:25-cv-05594-JHC

**PLAINTIFFS' OPPOSITION TO JACKSON DEFENDANTS' MOTION FOR REDACTION OF PERSONAL INDENTIFYING INFORMATION, PROTECTIVE ORDER, AND USE OF FIRST NAMES ONLY PURSUANT TO LCR 5(g), FRCP 5.2, AND FRCP 26(c) (Dkt. 241) AND MOTION TO STRIKE EXHIBITS**

**COME NOW,** Plaintiffs SARAH AND REGINA ALONSO, through their undersigned counsel, and respectfully seek denial of Defendants James Jackson and Lucas Jackson's Motion

PLFS. OPPO. TO DEF. MOT. FOR REDACT. OF PII, P.O., AND USE OF FIRST NAMES ONLY PURSUANT TO LCR 5(g), FRCP 5.2, AND FRCP 26(c) (Dkt. 241) AND MOT. TO STRIKE EXHIBITS
Case No. 3:25-cv-05594-JHC
Page - 1 -

RESTORE THE CHILD PLLC
2522 N. Proctor St., Ste. 85
Tacoma, WA 98402

for Redaction of Personal Identifying Information, Protective Order, and Use of First Names Only (Doc. 241, hereinafter "Motion"). This Motion is yet another attempt in the Jacksons' relentless pattern of conduct designed to avoid litigating this case on its merits and evade accountability for the serious allegations of grooming and trafficking minors. Through Defendants' calculated bankruptcy to stall proceedings, frivolous Rule 11 motions, a baseless bar complaint against counsel Lisa Haba, false coercion claims against plaintiff Sarah, and now a fabricated conspiracy with "Anonymous Gene," the Jacksons have persistently employed tactics to attempt to derail this case and avoid its merits before discovery has even begun. Plaintiffs, survivors of sex trafficking and child grooming, bring this action for damages under 18 U.S.C. §§ 1591 and 1595, as enacted by the federal Trafficking Victims Protection Reauthorization Act ("TVPRA"), and 18 U.S.C. § 2255 ("Masha's Law") for concerning and criminal conduct by the Jackson Defendants. The disclosure of the docket's content does not violate a substantial privacy right for Defendants, nor does the alleged harm outweigh the presumption of openness in judicial proceedings. *See Craig v. Harney*, 331 U.S. 367, 374 (1947) ("what transpires in the courtroom is public property"); *Richmond Newspapers v. Virginia*, 448 U.S. 555, 599-600 (1980) (there is a public interest in allowing society to scrutinize government functions, including open access to court proceedings).

The Motion is unsupported, excessively broad, and is clearly a blatant attempt to evade accountability for the severe allegations of grooming and trafficking minors detailed in the Consolidated Third Amended Complaint (Doc. 193). The Motion seeks retroactive redaction of personal identifying information (PII), a protective order, pseudonymity, sealing of exhibits, and emergency interim relief, yet fails to satisfy the stringent requirements of Fed. R. Civ. P.

PLFS. OPPO. TO DEF. MOT. FOR REDACT. OF PII, P.O., AND USE OF FIRST NAMES ONLY PURSUANT TO LCR 5(g), FRCP 5.2, AND FRCP 26(c) (Dkt. 241) AND MOT. TO STRIKE EXHIBITS
Case No. 3:25-cv-05594-JHC
Page - 2 -

RESTORE THE CHILD PLLC
2522 N. Proctor St., Ste. 85
Tacoma, WA 98402

5.2, Fed. R. Civ. P. 26(c), or LCR 5(g). *See Phillips ex rel. Estates of Byrd v. Gen. Motors Corp.*, 307 F.3d 1206, 1210-11 (9th Cir. 2002) (requiring "good cause" for protective orders); *Kamakana v. City & Cnty. of Honolulu*, 447 F.3d 1172, 1179 (9th Cir. 2006) (mandating "compelling reasons" for sealing). Defendants' evidence, Exhibits 1-55, offer nothing more than manipulated and deceptive scenarios, speculation, untimely incidents, and irrelevant online activity, lacking any causal connection to this lawsuit, Plaintiffs, or Plaintiffs' counsel.

Attached Declarations from Sarah Alonso, Regina Alonso, Attorney Lisa Haba, and Chris Hansen, signed under penalty of perjury, decisively refute Defendants' baseless assertions of collaboration or funding. These sworn statements establish that neither Plaintiffs nor their Counsel has orchestrated the harassment Defendants claim. Furthermore, as public figures, Defendants have intentionally publicized their lives, weakening any privacy claim. *See Planet Aid, Inc. v. Reveal*, 44 F.4th 918, 928 (9th Cir. 2022) (publicity diminishes privacy expectations for public figures).

For the reasons detailed below, the Motion should be denied in its entirety. Additionally, Plaintiffs move to strike Defendants' exhibits as inadmissible, irrelevant, manipulated, and prejudicial. In the alternative, pursuant to Fed. R. Civ. P. 15(a)(2), Plaintiffs request leave to amend to address any identified deficiencies and ensure this matter is adjudicated on its merits.

## I. PROCEDURAL HISTORY

### A. Alonso Action Filed and Transferred

On February 8, 2023, Regina Alonso initiated a lawsuit against Defendants James Jackson, Lucas Jackson, and the YouTube Defendants in the Middle District of Florida (Case No. 5:23-cv-91-JA-PRL) pursuant to 18 U.S.C. § 2255(c)'s national jurisdiction. The YouTube

PLFS. OPPO. TO DEF. MOT. FOR REDACT. OF PII, P.O., AND USE OF FIRST NAMES ONLY PURSUANT TO LCR 5(g), FRCP 5.2, AND FRCP 26(c) (Dkt. 241) AND MOT. TO STRIKE EXHIBITS
Case No. 3:25-cv-05594-JHC
Page - 3 -

RESTORE THE CHILD PLLC
2522 N. Proctor St., Ste. 85
Tacoma, WA 98402

Defendants successfully moved to transfer the case to the Northern District of California on September 28, 2023, based on a forum selection clause.

**B. Sarah Action Filed and Transferred**

On March 2, 2023, Sarah filed a parallel action against the same defendants in the Western District of Michigan (Case No. 1:23-cv-223) under 18 U.S.C. § 2255(c). This case was transferred to the Northern District of California on October 11, 2023, following an identical forum selection clause argument.

**C. Jackson Defendants' Bankruptcy**

On October 5, 2023, the Jackson Defendants filed a Chapter 13 Bankruptcy Petition in the Western District of Washington (Case No. 23-41711), triggering an automatic stay. The bankruptcy was voluntarily dismissed on May 6, 2024 (Alonso Action, Dkt. 93), lifting the stay.

**D. Consolidation of Cases and Transfer to Washington**

On October 30, 2024, the Northern District issued an Order relating the Alonso and Sarah Actions (Sarah Action, Dkt. 161; Alonso Action, Dkt. 101). The cases were consolidated on March 13, 2025 (Dkt. 189), and the CTAC was filed on April 4, 2025 (Dkt. 193). On June 24, 2025, the Court dismissed the YouTube Defendants and *sua sponte* transferred the case to this District (Dkt. 210).

**E. James Jackson's "Scorched Earth" Tactics**

In an attempt to disrupt this case and take attention away from the merits of the case, James Jackson has attempted to attack anyone who involves themselves with this case.

On January 24, 2024, James Jackson filed civil harassment injunctions in Pierce County Superior Court against journalist Christopher Hansen (Case No. 24-2-00293-1), continuing his

PLFS. OPPO. TO DEF. MOT. FOR REDACT. OF PII, P.O., AND USE OF FIRST NAMES ONLY PURSUANT TO LCR 5(g), FRCP 5.2, AND FRCP 26(c) (Dkt. 241) AND MOT. TO STRIKE EXHIBITS
Case No. 3:25-cv-05594-JHC
Page - 4 -

RESTORE THE CHILD PLLC
2522 N. Proctor St., Ste. 85
Tacoma, WA 98402

pattern of attacking those associated with this litigation or exposing his illicit conduct. On the docket for the injunction, the Jackson Defendants published the names of their two children on the public docket for anyone to see (*See* Haba Declaration, Exhibit A). The temporary injunction was denied and ultimately, James Jackson was unsuccessful in obtaining an injunction against this journalist who exposed him.

On May 22, 2024, James Jackson filed a bar complaint against Attorney Lisa Haba with the Florida Bar, claiming that a demand letter and an attempt to settle the case without the need for litigation was "extortion" and any disagreement as to what occurred with Plaintiffs constituted "harassment." The Florida Bar dismissed this baseless bar complaint and notified James Jackson that the issues he was contesting were "involved in a civil dispute and present questions of law" and they were brought in the wrong forum and should be addressed by the Court. (See Haba Decl., Exhibit B).

James Jackson filed a Motion to Compel on August 8, 2025, attempting to claim that Plaintiff Sarah was not a willing participant in this case. (Doc. 218). On August 25, 2025, Sarah, through counsel, issued a Cease and Desist letter demanding Jackson cease unauthorized legal actions and defamatory statements, including false claims that she was coerced into the suit. These false claims were affirmatively denied by Sarah, who verified she is a voluntary plaintiff. (*See* Haba Decl., Ex. C). Upon receipt, James Jackson immediately withdrew his Motion to Compel, demonstrating his awareness that the Motion lacked merit and he had no authority to act on Sarah's behalf. (Doc. 229).

**F. Instant Motion**

PLFS. OPPO. TO DEF. MOT. FOR REDACT. OF PII, P.O., AND USE OF FIRST NAMES ONLY PURSUANT TO LCR 5(g), FRCP 5.2, AND FRCP 26(c) (Dkt. 241) AND MOT. TO STRIKE EXHIBITS
Case No. 3:25-cv-05594-JHC
Page - 5 -

RESTORE THE CHILD PLLC
2522 N. Proctor St., Ste. 85
Tacoma, WA 98402

The Motion was filed on September 26, 2025 (Dkt. 241), noted for November 7, 2025, amid a relentless pattern of frivolous filings (e.g., Dkts. 147, 166, 237). This latest submission marks an escalation in the pattern of frivolous and abusive filings (see, e.g., Dkts. 147, 166, 237), now incorporating a misleading timeline intended to mislead and deceive this Court.

**FACTUAL ALLEGATIONS**

James Jackson, operating under the "Onision" persona, ran YouTube channels targeting underage girls with content on body image, self-identity, suicide ideology, and related topics. (Doc. 193 ¶¶ 137, 152). He married Lucas Jackson ("Lainey") in 2012 (id. ¶ 183), and together they used these platforms and Onision forums to groom vulnerable youth, encouraging contact as online celebrities. (Id. ¶¶ 184-95). Onision promoted these forums in nearly every video, drawing in young viewers. (Id. ¶¶ 187-90).

Regina Alonso, a fan at age 12, began communicating with Lainey at 14 (id. ¶¶ 204, 207), turning 15 shortly after (id. ¶ 208). For two years, the Jacksons groomed her with highly sexualized commentary, flirtations, lewd photos, and love declarations. (Id. ¶¶ 210-235). In 2015, they lured her from Florida to Washington for sexual contact, prevented only by her mother's intervention. (Id. ¶¶ 236-40). When this failed, they targeted Sarah. (Id. ¶ 241).

Sarah, exposed to their content in Michigan as a child, became a fan (id. ¶¶ 217, 242-43) and was befriended by Lainey at 14 (id. ¶ 251). The Jacksons groomed her for two to three years with sexualized interactions. (Id. ¶¶ 253-332). Lainey created a "Three Musketeers" chat to desensitize both girls to sex. (Id. ¶¶ 256-61). From 2016 to 2019, they lured Sarah across state lines to Washington multiple times for grooming. (Id. ¶¶ 270-332). Lainey secured power

PLFS. OPPO. TO DEF. MOT. FOR REDACT. OF PII, P.O., AND USE OF FIRST NAMES ONLY PURSUANT TO LCR 5(g), FRCP 5.2, AND FRCP 26(c) (Dkt. 241) AND MOT. TO STRIKE EXHIBITS
Case No. 3:25-cv-05594-JHC
Page - 6 -

RESTORE THE CHILD PLLC
2522 N. Proctor St., Ste. 85
Tacoma, WA 98402

of attorney and guardianship over Sarah (id. ¶¶ 285, 491), and at 18, after years of manipulation, Onision raped her. (Id. ¶¶ 344-65). Defamatory attacks ensued. (Id. ¶¶ 387-98).

The Jacksons publicized their own address in 2018 videos. On June 21, 2018, James Jackson uploaded "YOUTUBE STALKERS FOUND MY HOUSE"[1] showing an aerial shot of their neighborhood and pinpoint of their home. In this video, James Jackson specifically stated that he recognized that he was a public figure, that "stalkers" know where he lives and give him

[1] *Uncensored stalkers and my house,* YouTube (Jun. 21, 2018), available at https://web.archive.org/web/20251017173707/https://www.youtube.com/watch?v=iFUZL6HAmew.

PLFS. OPPO. TO DEF. MOT. FOR REDACT. OF PII, P.O., AND USE OF FIRST NAMES ONLY PURSUANT TO LCR 5(g), FRCP 5.2, AND FRCP 26(c) (Dkt. 241) AND MOT. TO STRIKE EXHIBITS
Case No. 3:25-cv-05594-JHC
Page - 7 -

RESTORE THE CHILD PLLC
2522 N. Proctor St., Ste. 85
Tacoma, WA 98402

"obsessive attention" and "harassment." This video was published to approximately 2 million subscribers.

YouTube
Search
Onion Home
4:49 / 5:34
Google

uncensored stalkers and my house
Unlisted

On July 9, 2018, Lucas Jackson uploaded "MY NEW HOUSE TOUR 6-9-18"[2] revealing every room, including children's bedrooms, and the exterior of the home. This self-publication predates the lawsuit, undermining their claim that the suit caused the 2020 vandalism (Doc. 241-1, Exhibit 2). The Jackson Defendants have told the world where they live, literally provided a map to their location, and then seemed surprised when a person

[2] *MY NEW HOUSE TOUR 6-9-19*, YouTube (Sept. 16, 2018), available at: https://www.youtube.com/watch?v=3pKJphOMuq4.

PLFS. OPPO. TO DEF. MOT. FOR REDACT. OF PII, P.O., AND USE OF FIRST NAMES ONLY PURSUANT TO LCR 5(g), FRCP 5.2, AND FRCP 26(c) (Dkt. 241) AND MOT. TO STRIKE EXHIBITS
Case No. 3:25-cv-05594-JHC
Page - 8 -

RESTORE THE CHILD PLLC
2522 N. Proctor St., Ste. 85
Tacoma, WA 98402

allegedly appeared at the address they published. He further publicly revealed his address in public filings for his bankruptcy case, his deed, his statutory warranty deed, his tax affidavit, and his VA mortgage documents.

The video evidence of vandalism in Exhibit 2 was also uploaded to defendant James Jackson's YouTube channel "OnisionEncore" on May 10, 2020,[3] a mere five months after the recorded vandalism. Said channel had over 100k subscribers, again further exacerbating identifiers of the Jacksons' household/property. In Exhibit 2, the Jacksons state that criminals showed up to James & Lucas's house in support of Sarah & Regina's "false accusations" and vandalized the defendant's home, but offered no evidence or causal connection for this assertion. But indeed they could not since this occurred three (3) years before the lawsuit was filed, and the Defendants knew this since the video footage was owned and published by them in 2020. The Motion fails to allege that the plaintiffs ever enticed, incited, orchestrated or conducted the vandalism of the property which the Jacksons had already publicly released identifiers of and demonstrates the Jackson Defendant's attempts to deceive and manipulate the Court.

The Motion cites Exhibits 1-55 for harassment and doxxing, but many of these predate the suit and lack connection to Plaintiffs or the docket. Declarations from Sarah, Regina, Lisa Haba, and Chris Hansen, deny any collaboration or funding. Any alleged harassment

[3] *Encore*, YouTube (May 10, 2020), available at: https://web.archive.org/web/20210216083519/https://www.youtube.com/watch?v=5FK2dxwRn2s.

PLFS. OPPO. TO DEF. MOT. FOR REDACT. OF PII, P.O., AND USE OF FIRST NAMES ONLY PURSUANT TO LCR 5(g), FRCP 5.2, AND FRCP 26(c) (Dkt. 241) AND MOT. TO STRIKE EXHIBITS
Case No. 3:25-cv-05594-JHC
Page - 9 -

RESTORE THE CHILD PLLC
2522 N. Proctor St., Ste. 85
Tacoma, WA 98402

Defendants experienced in the past stems from Defendants' own actions, including over 100 X posts since 2023 and self-published videos.

**ARGUMENT**

The Jackson Defendants' Motion improperly combines distinct reliefs: redaction (FRCP 5.2), protective order (FRCP 26(c)), pseudonymity, and sealing (LCR 5(g)), into a single filing. But despite this, none of Defendants' exhibits show a connection with Plaintiffs or their counsel. At best and if believed as presented, Defendants' exhibits show that a phone number and several personas were contacting James Jackson online with threats of violence. Not a single exhibit shows Plaintiffs or their counsel having anything to do with those communications or contact, despite Defendants' efforts to paint the picture otherwise. Indeed, Defendants deliberately mislead this Court by stating their house was vandalized due to Plaintiffs and their counsel's actions during this litigation when the very footage identified in Exhibit 2 came from a 2020 video (3 years before the lawsuit). Defendants further mislead this Court by claiming Plaintiffs' counsel had anything to do with the commentary in Defendants' exhibits. James Jackson is controversial and has people that don't care for him.

**I. MOTION FOR A PROTECTIVE ORDER UNDER FRCP 26(c) IMPROPER**

Rule 26(c) applies to discovery disputes. This Parties have not yet engaged in a Rule 26(f) conference and therefore, no discovery is yet permitted. Rule 26(c) allows any party or person ***from whom discovery is sought*** to move for a protective order to prevent specific actions related to discovery. Fed. R. Civ. P. 26(c).

PLFS. OPPO. TO DEF. MOT. FOR REDACT. OF PII, P.O., AND USE OF FIRST NAMES ONLY PURSUANT TO LCR 5(g), FRCP 5.2, AND FRCP 26(c) (Dkt. 241) AND MOT. TO STRIKE EXHIBITS
Case No. 3:25-cv-05594-JHC
Page - 10 -

RESTORE THE CHILD PLLC
2522 N. Proctor St., Ste. 85
Tacoma, WA 98402

In order to establish good cause for issuance of a protective order, the party seeking protection bears the burden of showing that specific prejudice or harm will result if no protective order is granted related to discovery matters. *Stormans, Inc. v. Selecky*, 251 F.R.D. 573, 576 (W.D. Wash. 2008) (citing *Beckman Indus., Inc. v. International Ins. Co*., 966 F.2d 470, 476 (9th Cir. 1992)) (holding that broad allegations of harm, unsubstantiated by specific examples or articulated reasoning, do not satisfy the Rule 26(c) test). Materials published as part of the litigation documents are, absent a court order to the contrary, presumptively public. *Phillips v. GMC*, 307 F.3d 1206, 1212 (9th Cir. 2002).

But the Defendants seem to be confusing legal doctrines and are asking this Court to use Rule 26(c) to enjoin Plaintiffs and their counsel's actions in publishing about this case on social media. Confusingly, Plaintiffs, nor their counsel have published on social media about this case since its inception, yet James Jackson has been publishing his opinion about the case on a frequent and continual basis. Defendants now seek to silence Plaintiffs but will continue to discuss the case on social media. Not only is this entirely hypocritical, but it fails to meet the criteria of a protective order.

This Motion demonstrates James and Lucas Jackson's intent to harass instead of seeking true relief. If they truly sought to prevent this case from being put in the public eye, then James Jackson would not be publishing about it constantly on YouTube and/or social media.[4]

---

[4] *Onision Brings Abusers and Frauds to Justice 1*, YouTube (Oct. 2, 2023), available at: https://www.youtube.com/watch?v=Jaxa596OKP4&t=4037s; *Onision Brings Abusers and Frauds to Justice 2*, YouTube (Nov. 6, 2023), available at: https://www.youtube.com/watch?v=gL2dq8LMiX4&t=5s; *Onision Brings Abusers and Frauds to Justice 3*, YouTube (Nov. 18, 2023), available at:

PLFS. OPPO. TO DEF. MOT. FOR REDACT. OF PII, P.O., AND USE OF FIRST NAMES ONLY PURSUANT TO LCR 5(g), FRCP 5.2, AND FRCP 26(c) (Dkt. 241) AND MOT. TO STRIKE EXHIBITS
Case No. 3:25-cv-05594-JHC
Page - 11 -

RESTORE THE CHILD PLLC
2522 N. Proctor St., Ste. 85
Tacoma, WA 98402

## II. DEFENDANTS' REQUEST FOR PSEUDONYMITY AND REDACTION IS IMPROPER

"Following the Supreme Court's lead, [the Ninth Circuit] start[s] with a strong presumption in favor of access to court records.'" *Ctr. for Auto Safety v. Chrysler Grp., LLC,* 809 F.3d 1092, 1096 (9th Cir. 2016) (quoting *Foltz v. State Farm Mut. Auto. Ins. Co*., 331 F.3d 1122, 1135 (9th Cir.2003). "[W]e allow parties to use pseudonyms in the unusual case when nondisclosure of the party's identity is necessary to protect a person from harassment, injury, ridicule or personal embarrassment." *Does I thru XXIII v. Advanced Textile Corp*., 214 F.3d 1058, 1067–68 (9th Cir. 2000) (internal quotation omitted). The need for anonymity is determined by evaluating the following factors: (1) the severity of the threatened harm; (2) the reasonableness of the anonymous party's fears; and (3) the anonymous party's vulnerability to such retaliation. *Id*. at 1068.

The Jackson Defendants want to be addressed by their first names, constituting a pseudonym, and they want to redact several hundred docket entries. There are several problems with this. First, a bell cannot be unrung. James Jackson and other YouTuber's alike have discussed this case at length, and no one is unaware of who the Defendants are. Removing the last name will not cause either Defendant to become anonymous.

---

https://www.youtube.com/watch?v=kXkdKU8lSHM&t=3210s; *Onision Brings Abusers and Frauds to Justice 4*, YouTube (Jan. 22, 2024), available at: https://www.youtube.com/watch?v=x-B9qRZa_Es; *Onision Brings Abusers and Frauds to Justice 5*, YouTube (Aug. 7, 2024), available at: https://www.youtube.com/watch?v=324Gmzqe27w (this is small sampling of Onision's numerous publications about this case).

PLFS. OPPO. TO DEF. MOT. FOR REDACT. OF PII, P.O., AND USE OF FIRST NAMES ONLY PURSUANT TO LCR 5(g), FRCP 5.2, AND FRCP 26(c) (Dkt. 241) AND MOT. TO STRIKE EXHIBITS
Case No. 3:25-cv-05594-JHC
Page - 12 -

RESTORE THE CHILD PLLC
2522 N. Proctor St., Ste. 85
Tacoma, WA 98402

Defendants have failed to prove any element. Defendants have alleged a number of threats failed to demonstrate the imminency of the threats. Defendants have also failed to tie any of these threats, allegations, or communications to being caused by or attributed to Plaintiffs or their counsel in any way. At best, Defendant has wove a web or deception and speculation but has nothing tangible to rely on. As such, Defendants have failed to meet the legal standard to justify pseudonymity and it should be rejected. *See Austin v. Univ. of Or.,* 925 F.3d 1133, 1139 (9th Cir. 2019).

## III. DEFENDANTS' OVERBROAD AND RETROACTIVE REDACTION REQUEST OF ENTIRE DOCKET

Defendants James and Lucas Jackson demand a sweeping redaction of all past and future personal identifying information (PII), a request so expansive it defies legal standards mandating justification and narrow tailoring. See *Operating Eng'rs Pension Trust v. A–C Co.*, 859 F.2d 1336, 1342 (9th Cir. 1988) (requiring redactions to be justified and narrowly crafted to prevent undue burden). This request for retroactive overreach, covering filings since 2023, places an unreasonable burden on the Court and the parties.

As public figures through their "Onision" and "Laineybot" / "Kai" personas, Defendants' privacy claims are undermined by their own prolific self-publication, including over 100 X posts since 2023 and videos addressing these allegations. See *Planet Aid*, 44 F.4th at 928 (holding that publicity diminishes privacy expectations for public figures). Any exposure they now complain of is largely self-inflicted and not attributable to this docket, Plaintiffs, or Plaintiffs' counsel. The request should be denied as overbroad and not supported with actual facts.

## IV. FRCP 5.2 ALREADY PROVIDES SUFFICIENT PROTECTION

PLFS. OPPO. TO DEF. MOT. FOR REDACT. OF PII, P.O., AND USE OF FIRST NAMES ONLY PURSUANT TO LCR 5(g), FRCP 5.2, AND FRCP 26(c) (Dkt. 241) AND MOT. TO STRIKE EXHIBITS
Case No. 3:25-cv-05594-JHC
Page - 13 -

RESTORE THE CHILD PLLC
2522 N. Proctor St., Ste. 85
Tacoma, WA 98402

Fed. R. Civ. P. 5.2 already mandates the redaction of sensitive personal identifying information (PII), including Social Security numbers, dates of birth, and minors' names, effectively balancing privacy concerns with the public's right to access. An expansion of this is possible with good cause. Fed. R. Civ. P. 5.2; *Operating Eng'rs Pension Trust v. A–C Co.*, 859 F.2d 1336, 1342 (9th Cir. 1988) (affirming the need for tailored privacy protections). Defendants seek an unwarranted and unexplained expansion of these protections without showing any basis for such an expansion. Defendants have not alleged that Plaintiffs have published any personal identifying information, nor could they. Defendant James Jackson is on social media constantly discussing the case, in addition to publishing his personal information. As such, Defendants have not met their burden to expand Rule 5.2's redactions.

As to Defendants' request to use a P.O. Box instead of their address – Plaintiff does not have an opinion one way or the other and would defer to the Court for this matter.

## V. DEFENDANTS FAIL TO DEMONSTRATE COMPELLING REASONS FOR REDACTION OR SEALING

LCR 5(g) and Ninth Circuit precedent require "compelling reasons" to seal or redact, outweighing the strong presumption of public access. *See Hagestad v. Tragesser*, 49 F.3d 1430, 1434 (9th Cir. 1995) (presumption requires articulable facts, not conjecture). Defendants' Exhibits 1-55, fail this test, showing harassment that predates this lawsuit (e.g., 2020 vandalism, Ex. 2) and lacks a causal link to the docket or Plaintiffs. *See Oliner v. Kontrabecki*, 745 F.3d 1024, 1026 (9th Cir. 2014) (embarrassment or professional burden not compelling, especially for public records since 2004).

PLFS. OPPO. TO DEF. MOT. FOR REDACT. OF PII, P.O., AND USE OF FIRST NAMES ONLY PURSUANT TO LCR 5(g), FRCP 5.2, AND FRCP 26(c) (Dkt. 241) AND MOT. TO STRIKE EXHIBITS
Case No. 3:25-cv-05594-JHC
Page - 14 -

RESTORE THE CHILD PLLC
2522 N. Proctor St., Ste. 85
Tacoma, WA 98402

As to Defendants' request to seal the exhibits related to Filing No. 241-1 – Plaintiff does not have an opinion one way or the other and would defer to the Court for this matter.

VI. **MOTION TO STRIKE DEFENDANTS' EXHIBITS**

**A. Exhibits 1-55 ARE INADMISSIBLE DUE TO IRRELEVANCE, MISLEADING CONTENT, ALTERATIONS, LACK OF FOUNDATION, AND SCANDALOUS NATURE**

The exhibits predate the instant lawsuit and lack any demonstrated causal connection to the claims at issue, rendering them irrelevant under Fed. R. Evid. 401 and 402. Defendants' submissions include misleading and manipulatively altered content, such as a fabricated timeline falsely alleging harassment tied to this case, which is directly contradicted by Defendants' own 2018 self-publications. For instance, Exhibit 7 contains added commentary that distorts its original content, undermining its authenticity under Fed. R. Evid. 901. Additionally, the exhibits lack foundation under Fed. R. Evid. 602, as Defendants fail to establish personal knowledge or proper authentication.

The Ninth Circuit has underscored the need for unmanipulated documents to maintain judicial integrity. *See Emma C. v. Eastin,* No. C-96-4179 TEH, 2001 U.S. Dist. LEXIS 16119, at *6 (N.D. Cal. Oct. 4, 2001) ("the filing of a fraudulent document is a serious matter because its very nature threatens the integrity of the judicial process").

. Striking these exhibits is warranted under Fed. R. Civ. P. 12(f), which permits removal of immaterial or scandalous matter. Should the Court decline to strike any exhibits, Plaintiffs respectfully defer to its discretion to seal them to prevent further prejudice.

**B. EXHIBITS 3, 7, 20, 29, 33, 45, AND 50 ARE IRRELEVANT AND SPECULATIVE**

PLFS. OPPO. TO DEF. MOT. FOR REDACT. OF PII, P.O., AND USE OF FIRST NAMES ONLY PURSUANT TO LCR 5(g), FRCP 5.2, AND FRCP 26(c) (Dkt. 241) AND MOT. TO STRIKE EXHIBITS
Case No. 3:25-cv-05594-JHC
Page - 15 -

RESTORE THE CHILD PLLC
2522 N. Proctor St., Ste. 85
Tacoma, WA 98402

Exhibits 3, 7, 20, 29, 33, 45, and 50, which allege an "Anonymous Gene" collaboration, are irrelevant, speculative, and lack foundation under Fed. R. Evid. 602. Affidavits (Exhibits A-D) directly refute these claims, rendering them immaterial and prejudicial. Striking these exhibits under Fed. R. Civ. P. 12(f) is necessary to prevent undue prejudice and maintain focus on the case's substantive issues.

**C. EXHIBITS 36 AND 41 ARE INFLAMMATORY AND SCANDALOUS**

Exhibits 36 and 41, with their inflammatory references to "death by anal tearing" and "raped to death," are particularly scandalous and lack any probative value, violating Fed. R. Evid. 403. These exhibits, if not stricken under Fed. R. Civ. P. 12(f), should be sealed at the Court's discretion to shield the proceedings from sensationalism and ensure fairness.

**CONCLUSION**

For the foregoing reasons, Defendants James Jackson and Lucas Jackson's Motion should be denied in its entirety, and all Exhibits 1-55 must be stricken from the docket as irrelevant, misleading, manipulated, lacking foundation, and scandalous. The Jacksons' pattern of evasive tactics continues to prejudice Plaintiffs.

DATED: October 20, 2025

By: *<u>/s/ Susanna L. Southworth</u>*
Susanna L. Southworth, PhD, Esq.
WSBA No. 35687
RESTORE THE CHILD PLLC
2522 N. Proctor St., Ste. 85
Tacoma, WA 98402
susanna@restorethechild.com

*<u>/s/ Lisa D. Haba</u>*
Lisa D. Haba (*Pro Hac Vice*)

PLFS. OPPO. TO DEF. MOT. FOR REDACT. OF PII, P.O., AND USE OF FIRST NAMES ONLY PURSUANT TO LCR 5(g), FRCP 5.2, AND FRCP 26(c) (Dkt. 241) AND MOT. TO STRIKE EXHIBITS
Case No. 3:25-cv-05594-JHC
Page - 16 -

RESTORE THE CHILD PLLC
2522 N. Proctor St., Ste. 85
Tacoma, WA 98402

THE HABA LAW FIRM, P.A.
1220 Commerce Park Dr., Ste 207
Longwood, FL 32779
lisahaba@habalaw.com

*/s/ Margaret E. Mabie*
Margaret E. Mabie (*Pro Hac Vice)*
MARSH LAW FIRM PLLC
31 Hudson Yards, 11th Fl.
New York, NY 10001
margaretmabie@marsh.law

*Attorneys for Plaintiff Sarah*

**LCR 7(e)(6) CERTIFICATION**

I certify that the foregoing motion contains 3,600 words, in compliance with the Local Civil Rule 7(e).

By: */s/ Susanna L. Southworth*
Susanna L. Southworth, PhD, Esq.

PLFS. OPPO. TO DEF. MOT. FOR REDACT. OF PII, P.O., AND USE OF FIRST NAMES ONLY PURSUANT TO LCR 5(g), FRCP 5.2, AND FRCP 26(c) (Dkt. 241) AND MOT. TO STRIKE EXHIBITS
Case No. 3:25-cv-05594-JHC
Page - 17 -

RESTORE THE CHILD PLLC
2522 N. Proctor St., Ste. 85
Tacoma, WA 98402

**CERTIFICATE OF SERVICE**

I hereby certify that on October 20, 2025, I electronically filed the foregoing with the Clerk of the Court using the PACER CM/ECF system which will send notification of such filing to all attorney(s) and persons of record.

By: _/s/ Susanna L. Southworth_
Susanna L. Southworth, PhD, Esq.

PLFS. OPPO. TO DEF. MOT. FOR REDACT. OF PII, P.O., AND USE OF FIRST NAMES ONLY PURSUANT TO LCR 5(g), FRCP 5.2, AND FRCP 26(c) (Dkt. 241) AND MOT. TO STRIKE EXHIBITS
Case No. 3:25-cv-05594-JHC
Page - 18 -

RESTORE THE CHILD PLLC
2522 N. Proctor St., Ste. 85
Tacoma, WA 98402