UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| SARAH and REGINA ALONSO, | CASE NO. 3:25-cv-05594-JHC |
| Plaintiffs, | ORDER |
| v. | |
| JAMES JACKSON, also known online as "ONISION," LUCAS JACKSON, formerly known online as "LAINEYBOT," "LAINEY" and "KAI," and NESIAMOTU, Inc., | |
| Defendants. | |

# I

## INTRODUCTION

This matter comes before the Court on pro se Defendants' "Motion for Redaction of Personal Identifying Information, Protective Order, and Use of First Names Only Pursuant to LCR 5(g), FRCP 5.2, and FRCP 26(c)." Dkt. # 241. Plaintiffs move to strike the exhibits submitted by Defendants. *See* Dkt. # 251 at 15–16. The Court has considered the materials filed in support of and in opposition to the motions, pertinent portions of the record, and the applicable law. Being fully advised, for the reasons below, the Court DENIES both motions.

ORDER - 1

## II

## BACKGROUND

Plaintiffs bring various claims against Defendants James and Lucas Jackson relating to alleged grooming and sex trafficking when Plaintiffs were minors. *See generally* Dkt. # 193 (Consolidated Third Amended Complaint (CTAC)).[1]

Defendants move for an order (1) redacting and sealing "all past and future personal identifying information (PII)" appearing on the docket and accessible via PACER, including their home address, phone number, email addresses, last names, and household details," (2) a protective order under Federal Rule of Civil Procedure 26(c) "prohibiting Plaintiffs, their counsel, and any parties from disclosing or amplifying this PII," (3) permitting them to proceed pseudonymously by using only their first names, (4) retroactively sealing exhibits "containing direct threats and doxing evidence, with redacted versions available publicly," and (5) providing "[e]mergency interim relief to temporarily redact [their] PII from the PACER system pending a full ruling on this motion." Dkt. # 241 at 2. Defendants base their motion on Federal Rules of Civil Procedure 5.2 and 26(c), and Local Civil Rule 5(g). *See id.* at 6–8.

Defendants say that good cause exists to seal their PII because they have suffered a "relentless campaign of doxing, vandalism," violent threats, and stalkers. Dkt. # 241 at 6. They submit about 55 exhibits purporting to document this harassment. *See generally* Dkt. # 241-1. Most of these exhibits show online harassment, though Exhibit 2 shows images that Defendants say show vandalism of their residence in 2020. *See* Dkt. # 241-1 at 2–3. Defendants also say that an online individual known as "Anonymous Gene" or "Gene" has engaged in a campaign of

---

[1] On February 4th, 2026, this Court granted in part and otherwise denied Defendants' motion to dismiss the CTAC. *See* Dkt. # 257. The remaining claims include Trafficking Victims Protection Reauthorization Act (TVPRA) claims, Masha's Law claims, a defamation claim, and a claim based on California Penal Code § 243.4. *Id.* at 5 n.4 (regarding claim based on § 243.4, construing Plaintiffs' citation to California Penal Code § 340.16 as a citation to the civil code); Dkt. # 193 at 78.

ORDER - 2

intense, long-running harassment, posting photos of Defendants' home and revealing its address multiple times. *See id.* at 11, 15, 17, 29, 44. Defendants contend that this harassment "was consistently executed in direct connection with the efforts of [Plaintiff's counsel] and her clients," *see* Dkt. # 241 at 3, and that "Anonymous Gene" "claims to be funding [Plaintiff's counsel]" and is "directly cooperating with the allegedly well-funded plaintiff Sarah." *See id.* at 5.

## III
### DISCUSSION

A.    Legal Standards

The Ninth Circuit has "a strong presumption in favor of access to court records," but the right is not absolute. *Foltz v. State Farm Mut. Auto. Ins. Co.*, 331 F.3d 1122, 1135 (9th Cir. 2003). Accordingly, certain rules require or permit parties to seal certain information. For example, Federal Rule of Civil Procedure 5.2 requires litigants to redact social security numbers, birth dates and names of minors, and financial account numbers, subject to certain exceptions. *See* Fed. R. Civ. P. 5.2(a), (b). It also permits a court to "require redaction of additional information" or "limit or prohibit a nonparty's remote electronic access to a document filed with the court" where "good cause" supports doing so. *See* Fed. R. Civ. P. 5.2(e). Local Civil Rule 5(g), while noting that "[t]here is a strong presumption of public access to the court's files," permits parties to file documents under seal in two circumstances: when required by a statute, rule, or prior court order; or if a party moves "to seal the document before or at the same time the party files the sealed document." LCR 5(g)(2). In the second case, the parties must first meet and confer. *See* LCR 5(g)(3). Rule 26(c) provides that any "party or any person from whom discovery is sought" may "move for a protective order where the action is pending." Fed. R.

Civ. P. 26(c)(1). And the "court may, for good cause, issue an order to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense[.]" *Id.*

Finally, movants seeking protective orders under Rule 26 or document sealing under LCR 5 must include a certification that they engaged in a good-faith effort to meet-and-confer before filing the motion. Fed. R. Civ. P. 26(c)(1); LCR 26(c)(1); *see also* LCR 5(g)(3)(A). "'Meet and Confer' means a good faith conference in person or by telephone to attempt to resolve the matter in dispute without the court's involvement." LCR 1(c)(6).

B.  Meet-and-Confer Requirement Not Satisfied

Defendants have not satisfied the meet-and-confer requirement of LCR 26(c)(1) and LCR 5. They say that they complied with the meet-and-confer requirement by trying to reach Plaintiffs' counsel by telephone at 10:06 a.m. on September 26, 2025, the same day that the motion was filed. Dkt. # 241 at 5. Defendants say they left a voicemail and that "[n]o immediate response was received." Dkt. # 241 at 5. And Defendants say that "given the urgent threat to Defendants' family, this motion [was] filed to protect their well-being." *Id.* But PACER shows that the motion was filed merely 46 minutes later at 10:52 a.m. *See* Dkt. 241 (PACER filing receipt). This hardly reflects compliance with the meet-and-confer requirement.

The Court recognizes that Defendants, as pro se litigants, must be "provided with certain leniencies not provided to other litigants," such as by excusing "'compliance with the technical rules of civil procedure.'" *Atkins v. Todd Pac. Shipyards, Inc.*, 2007 WL 9775492, at *2 (W.D. Wash. Sept. 10, 2007) (citing *Draper v. Coombs*, 792 F.2d 915, 924 (9th Cir. 1986). But Defendants' cursory attempt to comply with the rule—a single call placed the same day as filing—is not a sufficiently good-faith effort to "resolve the dispute without court action." LCR 26(c)(1). "'Pro se litigants must follow the same rules of procedure that govern other litigants,' including the Federal Rules of Civil Procedure and the Western District of Washington's Local

Civil Rules." *Scott v. Havens*, 2025 WL 2624547, at *1 (W.D. Wash. Sept. 10, 2025) (citing *Briones v. Riviera Hotel & Casino*, 116 F.3d 379, 381 (9th Cir. 1997)).

The foregoing provides a basis to deny Defendants' motion. Plaintiffs, however, do not argue that Defendants violated the meet-and-confer requirement. Assuming Defendants did so comply—which they apparently did not—the Court reaches below the merits of Defendants' motion; and the Court's analysis provides another independent basis for denying Defendants' motion.

C.   Merits Analysis

Defendants argue that the "relentless campaign of doxing, vandalism," violent threats, and stalkers purportedly shown by the exhibits at Dkt. # 241-1 establish good cause to seal their PII under Rule 5.2 and LCR 5(g). Defendants also argue that the exhibits justify a protective order under Rule 26, contending that "Plaintiffs' filings and their agents have funneled docket-exposed PII to harassers, enabling violence," including to "Anonymous Gene." Dkt. # 241 at 7. And Defendants say that they should be allowed to proceed pseudonymously because they meet the five-factor test set out in *Does I thru XXIII v. Advanced Textile Corporation*, 214 F.3d 1058 (9th Cir. 2000).

Plaintiffs respond that, at best, Defendants only show online harassment unconnected to Plaintiffs or their counsel and that a motion for a protective order under Rule 26 is improper because it applies to discovery, which this case has not reached. *See* Dkt. # 251 at 10–11. They also say that Defendants' request for pseudonymity is improper since they cannot meet the *Advanced Textile* test, Dkt. # 251 at 12–13, and that their request for retroactive redactions is so sweeping as to place an "unreasonable burden on the Court and the parties." *Id.* at 13–14.

The Court considers each of Defendants' requests in turn.

1. Sealing and redacting PII and exhibits

Defendants' first request redacting and sealing of "all past and future personal identifying information (PII)" appearing on the docket and accessible via PACER, including their home address, phone number, email addresses, last names, and household details."[2] Defendants' fourth request seeks redaction of the filed exhibits "containing direct threats and doxing evidence, with redacted versions available publicly," Dkt. # 241 at 2, because those exhibits show PII. Dkt. # 241 at 10. These exhibits are presumably those *filed by Defendants* at Dkt. # 241-1 in support of their motion.[3] Because these two requests essentially seek the same relief, the Court considers them together. Defendants apparently seek that the Court "order all parties to refile redacted public versions of prior filings containing PII within a set period, with unredacted versions filed under seal." Dkt. # 241 at 10. It is unclear if this means that the entire docket be sealed and then new copies of the documents filed, or if the Court would have to individually replace docket entries with public redacted and sealed unredacted filings.

As stated, while there is "a strong presumption in favor of access to court records," the right is not absolute. *Foltz*, 331 F.3d at 1135. Rule 5.2(e) permits the Court to order "redaction of additional information" beyond what the rule requires or to "limit or prohibit a nonparty's remote electronic access to a document filed with the Court." *See* Fed. R. Civ. P. 5.2(e). The rule was adopted "to protect privacy and security concerns relating to electronic filing of documents and the public availability . . . of documents filed electronically." *See* Fed. R. Civ. P. 5.2 advisory committee's notes on 2007 adoption (quotation marks omitted). "Subdivision (e) provides that the court can by order in a particular case for good cause require more extensive

---

[2] As for the portion of this request concerning Defendants' last names, the Court addresses it below, along with Defendants' request to proceed pseudonymously.
[3] This is curious since Defendants could have filed these materials under seal in accordance with LCR 5(g)(2)(B).

redaction than otherwise required by the Rule." *Id*. Like Rule 5.2, Rule 26(c)(1) permits a court, "for good cause, issue an order to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense[.]" *Id.*

To show good cause under either rule, a party seeking redaction must show "'that specific prejudice or harm will result' if the protective order is not granted." *In re Roman Catholic Archbishop of Portland in Or.*, 661 F.3d 417, 424 (9th Cir. 2011) (discussing Rule 26) (citing *Foltz*, 331 F.3d at 1130); *see also A.M.W. v. Mayorkas*, 2024 WL 5119780, at *2 (W.D. Wash. Dec. 16, 2024) (same; Rule 5.2).

Cases permitting redaction of the type that Defendants seek here appear to arrive at diverging conclusions. For example, one court in this Circuit permitted redaction of "home and personal email addresses" of a nonparty because this information was "irrelevant to the merits of" that action. *See NML Cap. Ltd. v. Republic of Argentina*, 2015 WL 727924, at *5 (D. Nev. Feb. 19, 2015). But another court denied a request to redact the plaintiff's residential address absent legal authority requiring it. *See Eng v. Hawaii*, 2021 WL 12356245, at *2 (D. Haw. Oct. 27, 2021). In other instances, courts have granted retroactive redaction of addresses when the litigant is enrolled in some program with address confidentiality, which is not present here. *See, e.g., Benshoof v. Admon*, 2024 WL 3358608, at *1–2 (W.D. Wash. July 10, 2024) (granting motion by a defendant, City Attorney of Seattle, to seal home address under state "Address Confidentiality Program"); *Doe v. Collectco, Inc.*, 2021 WL 3199210, at *1 (D. Nev. July 27, 2021) (granting the plaintiff's motion to redact home address and proceed pseudonymously under California's "Safe at Home Program" for victims of crimes).

The Court finds that Defendants have not shown good cause to retroactively seal and redact PII from the docket or the exhibits filed in support of the motion.

First, Defendants cite no case in which a court approved the retroactive sealing and redaction of the type of information at issue. Defendants' request concerns 263 docket entries amounting to hundreds of pages, which would pose significant logistical challenges. *See, e.g., Kalkhoven v. United States*, 2021 WL 3779863, at *2 (E.D. Cal. Aug. 24, 2021) (denying request under Rule 5.2 to seal "1651 pages of the 1797-page" administrative record).

Second, most of the evidence of online harassment predates Plaintiffs' original complaints, which were filed in 2023. Because this evidence is from several years ago, it does not show that "specific harm *will* result" if the docket of this case is not retroactively sealed and redacted. *See Roman Catholic Archbishop of Portland*, 661 F.3d at 424 (emphasis added). Nor does it show that otherwise harm will result. It is also unclear to the Court that any exhibits reveal PII.

Third, the only evidence of harassment since the filing of Plaintiffs' complaints appears to consist of offensive messages that Defendants attribute to the "Anonymous Gene" persona. Defendants claim, without proof, that this persona is "working with" Plaintiffs' counsel. *See* Dkt. # 241-1 at 22. But Plaintiffs' counsel asserts that she has no contact or connection with the Gene persona. *See* Dkt. # 251-4 ¶ 4 (filed under seal). Based on this record, at least with respect to the exhibits showing harassment by "Anonymous Gene," Defendants have not carried their burden to show good cause for the extensive relief that they seek. *See Foltz*, 331 F.3d at 1130 ("A party asserting good cause bears the burden, for each particular document it seeks to protect, of showing that specific prejudice or harm will result if no protective order is granted.") (citation omitted).

2. Protective order

Defendants seek a protective order under Rule 26(c) "prohibiting Plaintiffs, their counsel, and any parties from disclosing or amplifying this PII." Dkt. # 241 at 2. Rule 26(c) governs

ORDER - 8

protective orders and provides any "party or any person from whom discovery is sought" may "move for a protective order where the action is pending." Fed. R. Civ. P. 26(c)(1).

Rule 26(c) does not apply to information obtained outside the discovery process. *See Reinsdorf v. Skechers U.S.A., Inc.*, 2013 WL 12116415, at *4 (C.D. Cal. May 31, 2013) ("resolution of a dispute resulting from a party's receipt of a document outside of formal discovery (like the current dispute) is not governed by Rule 26"); *Todd v. Tempur-Sealy Int'l, Inc.*, 2015 WL 1006534, at *4 (N.D. Cal. Mar. 6, 2015) ("Rule 26 does not govern" the use of documentary information obtained "outside of discovery in [the] litigation") (citing *Kirshner v. Uniden Corp. of Am.*, 842 F.2d 1074, 1079–81 (9th Cir.1988)). Defendants do not claim that Plaintiffs obtained the PII at issue through discovery in this case, and they cite no authority to support the relief they seek here.

But even if Rule 26 did apply to the issue here, Defendants have not provided this Court with reason to believe that Plaintiffs are "disclosing or amplifying this PII." Dkt. # 241 at 2. Defendants say that Plaintiffs and their counsel coordinate with their online harassers by disclosing or amplifying PII to the online harassers. Dkt. # 241-1 at 22. Defendants' only evidence for the purported coordination is the screenshots of messages by anonymous online commenters and their statements in their briefing. They submit no other evidence that Plaintiffs or their counsel are disclosing or amplifying PII. Defendants ask this Court to essentially assume that the harassment is directed by or otherwise comes from Plaintiffs or their counsel, but Defendants provide no basis to make this assumption. And Plaintiffs' counsel has stated in a sworn declaration that she has not "directed, encouraged, conspired, with, or otherwise collaborated" with "Anonymous Gene" or "others[] to engage in harassment, threats, or other activities directed at the Defendants," and that such allegations are "false." Dkt. # 251-4 ¶

3(filed under seal). Defendants have not carried their burden to show good cause for this protective relief. *See Foltz*, 331 F.3d at 1130.

3.  Permission to proceed pseudonymously

Defendants also seek permission to proceed pseudonymously by using only their first names. Dkt. # 241 at 2. A "party may preserve his or her anonymity in judicial proceedings in special circumstances when the party's need for anonymity outweighs prejudice to the opposing party and the public's interest in knowing the party's identity." *Advanced Textile*, 214 F.3d at 1068. "To determine whether to allow a party to proceed anonymously when the opposing party has objected, a district court must balance five factors: '(1) the severity of the threatened harm, (2) the reasonableness of the anonymous party's fears, . . . (3) the anonymous party's vulnerability to such retaliation,' (4) the prejudice to the opposing party, and (5) the public interest." *Doe v. Kamehameha Schs./Bernice Pauahi Bishop Est.*, 596 F.3d 1036, 1042 (9th Cir. 2010) (citing *Advanced Textile*, 214 F.3d at 1068). The decision to grant Defendants pseudonymity is within this Court's discretion. *Id.*

The Court concludes that first and fourth factors favor pseudonymity, but the remaining factors do not.

The first two "factors are intricately related and should be addressed together." *Id.* at 1043. To the first factor, the claimed threats are severe due to their violence and graphic nature, and extensiveness. *See generally* Dkt. # 241-1. As to the second factor, "[t]o judge the reasonableness of the plaintiffs' fears, [the court] must consider the surrounding context . . . ." *Kamehameha Schs.*, 596 F.3d at 1044. And a threat is reasonable if "a reasonable person would believe that the threat might actually be carried out." *Advanced Textile Corp.*, 214 F.3d at 1071. Considering that context, the Court does not find that the Defendants have shown that the threats they face might be carried out.

First, Defendant points only to anonymous threats online. Courts have noted that anonymous online threats are not likely to result in actual harm. *See Kamehameha Schs*, 596 F.3d at 1045 (9th Cir. 2010) ("The magistrate judge correctly recognized that many times people say things anonymously on the internet that they would never say in another context and have no intention of carrying out."). Second, most of the threats have been occurring for years and significantly predate the filing of the complaint. For example, Defendants point to a 2021 letter from an academic institution, apparently attended by one of the Defendants, stating that it had received reports that Defendants had engaged in "concerning online activities" and would be monitoring Defendants' online presence. *See, e.g.*, Dkt. # 241-1 at 5, Ex. 4. And Defendants cite considerable discussion on social media in 2022 concerning the allegations against Defendant. *See id.* at 6, Ex. 5; 7, 8, Ex. 7; 13, Ex. 12. The online threats since the suit was filed appear to come from one source, the "Anonymous Gene" persona. Defendants do not allege that any physical threats have come to fruition or increased in intensity since Plaintiffs filed their complaints. In this context, a reasonable person would likely not "believe that the threat might actually be carried out." *Advanced Textile Corp.*, 214 F.3d at 1071.

To be sure, at least one court has granted anonymity to plaintiffs facing online threats of physical violence, not unlike that described by Defendants here, sent directly by email to their counsel. *See GitHub*, 672 F. Supp. 3d at 852–53 (emails threatening violence "on the basis of their involvement in this lawsuit" meant that first two *Advanced Textile* factors weighed in favor of anonymity). This case is different from *GitHub* because those threats were more imminent and directly connected with the suit, since they were sent just before and after the filing of the complaint and were sent to the plaintiffs' counsel. *See* Dkt. # 68, *Doe 1 v. GitHub, Inc.*, 4:22-cv-06823-JST (N.D. Cal. Mar. 9, 2023). Thus, it was reasonable for the plaintiffs to fear that the threats might come to pass. By contrast, the threats that Defendants point to have been going on

for years, apparently without increasing severity. That fact also distinguishes the case from *Advanced Textile*, in which the plaintiffs faced an imminent threat of being fired from their jobs and summarily deported. *See* 214 F.3d at 1071. In short, the lack of imminency of the threat makes their fears of harm less reasonable.

As to the third factor, vulnerability requires a closer connection between the Defendants' circumstances and the harm they seek to avoid.[4] For example, in *Advanced Textile*, the harm that the plaintiff textile workers sought to avoid was retaliation, including firing by their employers for filing the lawsuit. Their immigrant worker recruitment contracts did not permit them "to quit working for one employer and seek employment at another factory," which made them particularly vulnerable to that threat of firing. *Advanced Textile*, 214 F.3d at 1072. The employer defendants in that case "apparently also ha[d] the power to have foreign workers deported almost instantly." *Id.* The connection between the harm threatened and the plaintiffs' particular circumstances supported the court's conclusion that the plaintiffs had shown the third factor of the test. But here, Defendants do not allege the same level of connection. The only harm that they seek to avoid is physical violence (which the Court has concluded, based on the present record, is not likely to occur) and the purported further spreading of their PII, which has already occurred and has been occurring since before the filing of the suit.

The fourth factor favors pseudonymity. Plaintiffs make no specific argument as to why they would be prejudiced by Defendants' pseudonymity, such as by impairing their ability to "litigate the case [and] investigate the claims." *Al Otro Lado, Inc. v. Nielsen*, 2017 WL 6541446, at *6 (S.D. Cal. Dec. 20, 2017) (citing *Advanced Textile*, 214 F.3d at 1072). "The failure of the [nonmoving party] to articulate such prejudices would suggest little to no prejudice." *Id.*

---

[4] The court in *GitHub* did not appear to address the third factor in its analysis, even though the threats alleged there were like those here.

Further, courts have generally held that no prejudice results to the nonmoving party where they already know the identity of the moving party. *See, e.g., Beilarus1 v. Mayorkas*, 2025 WL 104387, at *1 (W.D. Wash. Jan. 15, 2025) (no prejudice where nonmoving party knows identities of moving party); *Poe v. Conrad*, 2026 WL 84086, at *2 (E.D. Cal. Jan. 12, 2026) (no prejudice where nonmoving party will learn identity of moving party). Plaintiffs already know the identities of Defendants and thus would not be prejudiced by their proceeding pseudonymously.

Finally, the fifth factor weighs against pseudonymity. "The normal presumption in litigation is that parties must use their real names," a presumption "loosely related to the public's right to open courts and the right of private individuals to confront their accusers." *Id.* (citing Fed. R. Civ. P. 10(a); *Advanced Textile*, 214 F.3d at 1067–68). And this "common law right[] of access to the courts and judicial records are not taken lightly." *Id.* Further, the Court notes that Defendants appear to have made extensive public statements about the case and the harassment they have faced, including by uploading several YouTube videos. *See* Dkt. # 251 at 11 n. 4.

The Court thus finds that the *Advanced Textile* factors weigh against granting Defendants' pseudonymity request.

4.     Emergency interim relief for temporary redactions

Last, Defendants' fifth request seeks "[e]mergency interim relief to temporarily redact [their] PII from the PACER system pending a full ruling on this motion." Dkt. # 241 at 2. But this request is moot, since this Order issues a full ruling on this motion.

D.   Plaintiffs' Motion

Plaintiffs move to strike the exhibits at Dkt. # 241-1, citing Federal Rule of Civil Procedure 12(f). *See* Dkt. # 251 at 15–16. They argue that the material referenced in these exhibits is irrelevant under Federal Rules of Evidence 401 and 402, are not authenticated under

ORDER - 13

Federal Rule of Evidence 901 because the screenshots are presented with considerable commentary by Defendants, and lack foundation under Federal Rule of Evidence 602. *Id.* As for exhibits 36 and 41, Plaintiffs say that, if the Court does not strike these exhibits, they should be sealed. *Id.* at 16.

But the language of Rule 12(f) forecloses Plaintiffs' argument, because it only applies to pleadings. *See* Fed. R. Civ. P. 12(f) ("The court may strike *from a pleading* . . . any redundant, immaterial, impertinent, or scandalous matter") (emphasis added). Defendants' submissions are exhibits attached in support of a motion, not a pleading, and thus Rule 12(f) does not apply. *See Krass v. Thomson-CGR Med. Corp.*, 665 F. Supp. 844, 847 (N.D. Cal. 1987) ("Rule 12(f) does not apply to a motion."). Courts regularly deny Rule 12(f) motions to strike directed against submissions that are not pleadings. *See, e.g.*, *Foremost Ins. Co. Grand Rapids Michigan v. Guillen*, 641 F. Supp. 3d 980, 986 (W.D. Wash. 2022) (denying Rule 12(f) motion to strike declarations attached to summary judgment motion because "declarations are not pleadings"); *In re Tesla, Inc. Sec. Litig.*, 477 F. Supp. 3d 903, 920 (N.D. Cal. 2020) (denying Rule 12(f) motion to strike because it was directed against a motion to dismiss). Plaintiffs cite no other authority to support their request.

Second, while the Federal Rules of Evidence "apply in civil cases and proceedings," Federal Rule of Evidence 1101(b), Plaintiffs cite no authority holding that these rules provide a general basis to strike material submitted in support of a motion. Nor is the Court aware of any. The only authority cited by Plaintiffs, *Emma C. v. Eastin*, does not support this proposition. *See* 2001 WL 1180638, at *2 (N.D. Cal. Oct. 4, 2001).

# IV
## CONCLUSION

For these reasons, the Court DENIES Defendants' motion. Should circumstances change, Defendants may seek similar relief. But the Court encourages Defendants to carefully review the authorities listed above before doing so. And the Court DENIES Plaintiffs' motion.

Dated this 6th day of March, 2026.

John H. Chun
United States District Judge