UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| SARAH and REGINA ALONSO, Plaintiffs, v. JAMES JACKSON, also known online as "ONISION," LUCAS JACKSON, formerly known online as "LAINEYBOT," "LAINEY" and "KAI," and NESIAMOTU, INC. Defendants. | Case Number: 3:25-cv-05594-JHC  **DEFENDANTS' MOTION FOR RECONSIDERATION OF ORDER DENYING MOTION FOR REDACTION OF PERSONAL IDENTIFYING INFORMATION, PROTECTIVE RELIEF, AND USE OF FIRST NAMES ONLY (DKT. 264)**  Honorable John H. Chun  NOTE ON MOTION CALENDAR: March 6, 2026 |

Defendants, appearing pro se, respectfully move for reconsideration under LCR 7(h) of the Court's March 6, 2026 Order, Dkt. 264.

**I. RELIEF REQUESTED**

This motion seeks reconsideration of the portions of Dkt. 264 that denied protection for a defined class of safety-sensitive identifiers on the public docket and in future public filings. Defendants do not seek reconsideration of unrelated portions of Dkt. 264, but they do seek complete removal from public access of residential addresses, mailing addresses that disclose residence, personal telephone numbers, surnames, and comparable household identifiers wherever they appear.

Defendants seek reconsideration of the portions of Dkt. 264 that denied prospective protection of Defendants' residential identifying information and denied Defendants' request to proceed using first names only, because those rulings rested on a factual premise contradicted by a filing that was already on the docket before the Order issued: Defendants' **Notice of Supplemental Evidence and Renewed Request for Emergency Interim Relief**, filed January 16, 2026, Dkt. 256.

Defendants respectfully request that the Court modify Dkt. 264 to grant the following relief:

1. Under Fed. R. Civ. P. 5.2(e), direct immediate redaction from public access, or at minimum restriction of remote public electronic access, as to all instances on the docket of Defendants' residential addresses, mailing addresses that disclose residence, personal telephone numbers, surnames, and comparable household identifiers;

2. Permit Defendants to proceed using first names only and a designated mailing address for future public filings, with personal phone numbers, and any fuller identifying information provided nonpublicly as the Court directs; and

3. In the alternative, if the Court declines immediate full redaction, temporarily restrict remote public access to any docket entry containing Defendants' residential or personal contact identifiers pending further order.

**II. STANDARD**

Motions for reconsideration are disfavored and will ordinarily be denied absent a showing of manifest error in the prior ruling or new facts or legal authority that could not have been brought to the Court's attention earlier with reasonable diligence. LCR 7(h)(1). Defendants rely primarily on the first ground. Defendants contend that Dkt. 264 misapprehended the record as it stood when the Order issued because Dkt. 256 was already on file. The Order's analysis of imminency and

physical escalation overlooked a supplemental filing that was already before the Court when Dkt. 264 issued.

### III. ARGUMENT

**A. The Order rests on a factual premise contradicted by the docket as it existed before the Order issued.**

In denying pseudonymity, the Order states:

"First, Defendant points only to anonymous threats online."

It further states:

"Defendants do not allege that any physical threats have come to fruition or increased in intensity since Plaintiffs filed their complaints."

Dkt. 264 at 11.

That was not the state of the record when the Court issued Dkt. 264.

On January 16, 2026, while Dkt. 241 remained pending, Defendants filed a **Notice of Supplemental Evidence and Renewed Request for Emergency Interim Relief**, Dkt. 256. That filing advised the Court that on January 16, 2026, a threatening handwritten note was physically delivered to Defendants' residential mailbox, at the same residence whose identifying information Defendants had asked the Court to protect.

**The January 16 filing demonstrated that the note read, verbatim: 'Nice try Onion boy. you still a PEDO kys Faggot.' Dkt. 256 at 1. The note thus included both a suicide directive and an anti-gay slur, underscoring that the threat was targeted, bias-laden, and physically directed at the household.** The filing further explained that "Nice try" appeared to reference Defendants' still-pending motion for protective relief, and that "kys" means "kill yourself." It also stated that the note was not mere online speech, but a physical delivery to the home, and that

Defendants reported the incident within the hour to the Pierce County Sheriff's Office and the U.S. Postal Inspection Service. Dkt. 256 at 4. That matters because the Order distinguished Defendants' showing from cases involving more imminent and suit-connected threats and stated that the threats Defendants identified had been going on for years, apparently without increasing severity. Dkt. 264 at 11-12. But Dkt. 256 described a recent physical threat delivered to the residence while Dkt. 241 remained pending, using language that facially referenced the still-pending motion. The January 16 incident was recent, physical, and tied on its face to the pending motion itself. At minimum, it directly undercuts the proposition that Defendants had shown only anonymous online threats and no physical escalation since the complaints were filed.

This is a request to correct a factual premise that no longer matched the record before the Court when the Order issued. Dkt. 264 concluded that 'first and fourth factors favor pseudonymity, but the remaining factors do not.' Dkt. 264 at 10. The Court further explained that, although 'the claimed threats are severe due to their violence and graphic nature, and extensiveness,' it did 'not find that the Defendants have shown that the threats they face might be carried out,' because 'Defendant points only to anonymous threats online.' Dkt. 264 at 10-11. Dkt. 256 directly undermines that premise by documenting a recent physical threat delivered to the residence while Dkt. 241 remained pending.

The January 16, 2026 physical-mailbox incident bears directly on the Court's stated concern under the second Advanced Textile factor, because it is recent, physical, and tied on its face to the still-pending motion. This is not an attempt to introduce an entirely new theory after the fact; Dkt. 256 was filed on January 16, 2026, well before Dkt. 264 issued on March 6, 2026.

The Order's error is not limited to overlooking Dkt. 256. Two additional factual findings in Dkt. 264 are independently contradicted by the record as it existed at the time the Order issued.

First, the Order states "Defendant points only to anonymous threats online." Dkt. 264 at 11. But the Court's own Background section acknowledges "Exhibit 2 shows images that Defendants say show vandalism of their residence." Dkt. 264 at 2. The Order cannot simultaneously acknowledge Exhibit 2 and then find only online threats — that is internally inconsistent. Beyond Exhibit 2, Exhibit 3 documents physical letters Gene mailed to Defendants' neighbors; Exhibit 18 documents a physical trespass at Defendants' home — a visit Chris Hansen confirmed in his own sworn declaration, Dkt. 251-3 ¶ 2, acknowledging he went to James's home; and Exhibit 40 documents Gene providing the home address via Redfin to a user who expressed intent to physically assault Defendant James — on the same day that user made that statement.

Second, the Order states "most of the threats have been occurring for years and significantly predate the filing of the complaint." Dkt. 264 at 11. The first complaint was filed February 8, 2023. Twenty-one exhibits in Dkt. 241-1 are dated after that filing, including Exhibit 32 (March 3, 2023 — the same day as the second complaint) showing Gene coordinating service of this lawsuit with Hansen; Exhibits 34–49 (October 2023 through January 2024) documenting post-filing death threats, noose instructions, and home address dissemination to prospective assailants; and Exhibits 51–54 (August 2025) showing Gene actively monitoring PACER and PacerMonitor.com for this case during its active pendency. **The finding that threats "significantly predate" the complaint is factually untenable given these exhibits.**

**B. The January 16 filing is directly relevant to the limited Rule 5.2(e) relief Defendants seek.**

The Order correctly recognizes that Fed. R. Civ. P. 5.2(e) permits the Court, for good cause, to require redaction of additional information or to limit or prohibit a nonparty's remote electronic access to a filed document.

The January 16 incident bears directly on that good-cause showing. Defendants' original motion argued that public docket exposure of residential identifying information had become a tool for

harassment and targeting. The January 16 filing supplied a concrete, recent, real-world example of the very risk Defendants had been describing: an unknown person physically traveled to the residence, placed a written threat into the mailbox, and used language that appeared to reference the pending motion.

The January 16 incident supports complete Rule 5.2(e) protection from public access for the home address and the related contact and household identifiers whose continued disclosure facilitates targeting, including mailing addresses that disclose residence, personal phone numbers, surnames, and comparable household identifiers. Minor children reside at the targeted address, and Dkt. 256 expressly stated that their safety is directly jeopardized by the continued public availability of the home address. That is especially true where the risk at issue is not abstract embarrassment, but physical targeting of a residence where minor children live.

Because Dkt. 264 expressly recognizes that Rule 5.2(e) permits additional redaction or limits on remote access for good cause, reconsideration can be granted on this narrower basis even if the Court leaves intact its denial of broader Rule 26(c) relief.

The same good-cause showing applies not only to Defendants' residential address, but also to personal phone numbers and comparable household identifiers. Defendants' original motion expressly sought protection for those categories as well, on the ground that the public docket had been used to harvest and weaponize that information against the household.

**C. This motion rests on a narrower legal basis than Dkt. 241, but it seeks complete public protection for a defined class of information.** Defendants do not ask the Court to revisit its Rule 26(c) analysis or broader anti-dissemination ruling. Defendants instead seek reconsideration of the denial of Rule 5.2(e) relief as to all instances on the docket of residential addresses, mailing addresses that disclose residence, personal telephone numbers, surnames, and comparable

household identifiers, together with first-name-only treatment and a designated mailing address for future public filings.

This is not a request for blanket secrecy of substantive filings. It is a request to remove from public access a defined class of identifiers whose continued disclosure serves no legitimate public purpose and has already facilitated physical targeting of the household. The administrative burden of removing those identifiers cannot outweigh the documented safety risk created by their continued public availability after Dkt. 256, especially where minor children reside at the targeted address. **Courts routinely undertake burdensome measures when necessary to protect safety, privacy, and the integrity of proceedings; <u>the fact that protection requires effort does not outweigh a documented threat to a household with minor children.</u>**

Dkt. 256 also noted that Plaintiff Sarah continues to receive pseudonymity despite public self-identification elsewhere, while Defendants' full names, residential and contact information remain exposed on the docket; that asymmetry reinforces the need for equivalent safety protection here. That asymmetry is particularly stark because the Court has already found that pseudonymity does not prejudice Plaintiffs, who already know Defendants' identities.

Although Defendants do not seek reconsideration of the Court's meet-and-confer ruling, Defendants note that Dkt. 264 expressly recognized that pro se litigants are entitled to certain leniencies, which further supports granting the Rule 5.2(e) relief requested here on the merits.

### IV. CONCLUSION

Defendants respectfully request reconsideration on three independently sufficient grounds, each constituting manifest error: (1) Dkt. 256 — on file 49 days before the Order issued — reported a threatening note physically hand-delivered to the mailbox, directly refuting the finding that no physical threats had come to fruition; (2) the Order's finding of 'only online' threats is internally

inconsistent with the Order's own acknowledgment of Exhibit 2, and ignores Exhibits 3, 11, 18, and 40, which document physical letters, a physical trespass at Defendants' home, multiple vandalism incidents, and facilitated physical targeting; and (3) the finding that threats 'significantly predate' the complaint is contradicted by multiple post-filing exhibits — including PACER-monitoring activity from August 2025 — that were before the Court when the Order issued. Any one of these errors independently supports reconsideration under LCR 7(h)(1). Together they demonstrate that the second Advanced Textile factor analysis rested on a factual characterization of the record that the record itself does not support.

For that reason, Defendants respectfully request reconsideration of the portion of Dkt. 264 denying Rule 5.2(e) protection for Defendants' residential addresses, mailing addresses that disclose residence, personal telephone numbers, surnames, and related household identifiers, and secondarily reconsideration of first-name-only treatment. Defendants request that the Court order removal of those identifiers from prior public filings and bar their further public disclosure in future filings. In the alternative, Defendants request immediate restriction of remote public access to any docket entry containing those identifiers pending further order.

The undersigned certify that this memorandum contains 2033 words, in compliance with the Local Civil Rules.

Respectfully,

/s/ James Jackson                                    /s/ Lucas Jackson
James Jackson[1], Defendant, Pro Se                  Lucas Jackson, Defendant, Pro Se

---

[1] To the extent any address, phone number, or surname appears in a public signature block or filing to satisfy current filing requirements, Defendants do not waive their request that such personal identifying information be omitted, redacted, or restricted from public access by court order.

Defs' Mot. For Reconsideration
Case No. 3:25-cv-05594-JHC                          8                                James & Lucas

13516 Meridian E #73081
Puyallup, WA 98373
253-286-8311
complexnucleus@gmail.com

13516 Meridian E #73081
Puyallup, WA 98373
253-286-8311
complexnucleus@gmail.com

## CERTIFICATE OF SERVICE

I hereby certify that on March 6, 2026, I electronically filed the foregoing **DEFENDANTS' MOTION FOR RECONSIDERATION OF ORDER DENYING MOTION FOR REDACTION OF PERSONAL IDENTIFYING INFORMATION, PROTECTIVE RELIEF, AND USE OF FIRST NAMES ONLY (DKT. 264)** with the Clerk of Court using the CM/ECF system, which will send notification of such filing to all counsel of record.

Dated this 6th day of March 2026.

Respectfully,

/s/ James Jackson
James Jackson, Defendant, Pro Se
13516 Meridian E #73081
Puyallup, WA 98373
253-286-8311
complexnucleus@gmail.com

/s/ Lucas Jackson
Lucas Jackson, Defendant, Pro Se
13516 Meridian E #73081
Puyallup, WA 98373
253-286-8311
complexnucleus@gmail.com