UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| SARAH and REGINA ALONSO,<br><br>Plaintiffs,<br><br>v.<br><br>JAMES JACKSON, also known online as "ONISION," LUCAS JACKSON, formerly known online as "LAINEYBOT," "LAINEY" and "KAI," and NESIAMOTU, Inc.,<br><br>Defendants. | CASE NO. 3:25-cv-05594-JHC<br><br>ORDER |

# I

## INTRODUCTION

This matter comes before the Court on Defendants' motion for reconsideration. Dkt # 265. The Court has reviewed the motion, pertinent portions of the record, and the applicable law. For the reasons below, the Court DENIES the motion.

# II

## BACKGROUND

On March 6, 2026, this Court denied Defendants' motion for a protective order. *See* Dkt. # 264 ("March 6 Order"); *see also* Dkt. # 241 (motion). As the Court reasoned, Defendants had

ORDER - 1

not complied with Federal Rule of Civil Procedure 26(c)(1), Local Civil Rule 26(c)(1), and Local Civil Rule 5(g)(3)(A), because their attempt to reach Plaintiffs about 45 minutes before filing the motion did not satisfy those rules' meet-and-confer requirements. *See* Dkt. # 264 at 4–5. As the Court noted, this failure was an "independent basis for denying" their motion. *See id.* at 5. But the Court proceeded to reach the merits because Plaintiffs had not raised the meet-and-confer issue, *id.*, though it ultimately resolved those merits against Defendants. *See id.* at 5–14. Defendants now move for reconsideration of the March 6 Order. Dkt. # 265.

### III
#### DISCUSSION

A.    Legal Standards

Reconsideration is an "extraordinary remedy, to be used sparingly in the interests of finality and conservation of judicial resources." *Kona Enters., Inc. v. Est. of Bishop*, 229 F.3d 877, 890 (9th Cir. 2000) (citation omitted). Thus, "[m]otions for reconsideration are disfavored." Local Civil Rule 7(h). Courts in this District "will ordinarily deny such motions in the absence of a showing of manifest error in the prior ruling or a showing of new facts or legal authority which could not have been brought to its attention earlier with reasonable diligence." *Id*.

B.    Analysis

Defendants seek reconsideration of the March 6 Order on one basis: The record, in their telling, reflected that they received physical threats and thus not "only [] anonymous threats online," as the March 6 order noted. Dkt. # 264 at 11. Defendants point to several of the exhibits they filed as part of their motion at Dkt. # 241-1 and say that many of these were "physical threats." *See* Dkt. # 265 at 4–5. Defendants also point to the handwritten, threatening note they say they received on January 16, 2026, a photo of which they submitted to the Court the same day. *See* Dkt. # 256 ("Notice of Supplemental Evidence and Renewed Request for

ORDER - 2

Emergency Interim Relief"). Defendants say that this note, and the other exhibits attached to their motion, demonstrates that they have received physical threats and thus the Court should reconsider its March 6 Order and grant Defendants they relief they sought.

Defendants' motion lacks merit. First, Defendants do not address the fact that they did not meet the meet-and-confer requirements in Rule 26, and LCR 26 and LCR 5. As stated, this was and remains an "independent basis for denying" their motion. *See* Dkt. # 264 at 5.

Second, the filing at Dkt. # 256 containing the image of the note was filed after the noting date of Defendants' motion for a protective order, which fell on November 7, 2025. *See* Dkt. # 241 (docket entry text). Thus, it was untimely with respect to the motion. *See* LCR 7(d). Nor did Defendants seek leave of court to file the additional materials. "'Pro se litigants must follow the same rules of procedure that govern other litigants,' including the Federal Rules of Civil Procedure and the Western District of Washington's Local Civil Rules." *Scott v. Havens*, 2025 WL 2624547, at *1 (W.D. Wash. Sept. 10, 2025) (citing *Briones v. Riviera Hotel & Casino*, 116 F.3d 379, 381 (9th Cir. 1997)). Further, even if the Court were to consider the note, it cannot be a basis to grant reconsideration because it is unclear that the note relates to this case. Defendants say that the note, which says "nice try" followed by an offensive statement, relates to their "still-pending motion for protective relief." Dkt. # 265 at 3–4. But Defendants received that note nearly four months after they filed the motion at Dkt. # 241, so the Court does not agree that the note, however threatening, is clearly related to their filing or this suit.

The rest of Defendants' motion does not present a basis to reconsider the March 6 Order. Defendants say that the Court cannot simultaneously acknowledge "vandalism of their residence" in 2020, a physical incident, and say that they face "only" anonymous online threats, but this disregards the Court's primary conclusion in the Order that the vandalism occurred well before the complaints were filed. *See* Dkt. # 264 at 8. Defendants also point to a visit by a

ORDER - 3

nonparty journalist as a physical threat, but it too occurred well before the complaints were filed, notwithstanding that the attempted visit is not a physical threat. And Defendants say that 21 of their exhibits (fewer than half of what was submitted) post-date the complaints, but this ignores that most of the exhibits still predate the complaints or consist only of anonymous online threats. Defendants have not pointed to any "manifest error" sufficient for the Court to reconsider the March 6 Order.  LCR 7(h).

## IV
### CONCLUSION

For the reasons above, the Court DENIES the motion. Dkt. # 265.

Dated this 10th day of March, 2026.

John H. Chun
United States District Judge