UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| SARAH and REGINA ALONSO,<br><br>Plaintiffs,<br><br>v.<br><br>JAMES JACKSON, also known online as "ONISION," LUCAS JACKSON, formerly known online as "LAINEYBOT," "LAINEY" and "KAI," and NESIAMOTU, Inc.,<br><br>Defendants. | CASE NO. 3:25-cv-05594-JHC<br><br>ORDER |

## I

## INTRODUCTION

This matter comes before the Court on "Plaintiffs' Motion to Dismiss and Motion to Strike Jackson Defendants['] Counterclaims." *See* Dkt. # 260. The Court has considered the materials filed in support of and in opposition to the motion, pertinent portions of the record, and the applicable law. For the reasons below, the Court GRANTS IN PART and DENIES IN PART the motion and ORDERS Defendants to show cause as described below.

## II

## Background

A. Factual Background

The following background derives from allegations in Defendants' counterclaims (Dkt. # 258 at 46–52, ¶¶ 1–26) (filed under seal), which the Court presumes true. *See Starr v. Baca*, 652 F.3d 1202, 1216 (9th Cir. 2011) (well-pleaded factual allegations of a counterclaim are accepted as true for purposes of a motion to dismiss under Rule 12(b)(6)).

On January 18, 2019, Plaintiff Sarah signed identical and separate NDAs with the Jackson Defendants. *See* Dkt. # 258 (Counterclaims) ¶ 2 (filed under seal). The NDAs "were valid, supported by adequate consideration, and contained a five-year term expiring January 18, 2024." *Id.* ¶ 4. The NDAs prevent the parties from making false statements about each other and disclosing information relating to what each party did, said, or saw with respect to the other until agreement to release that information. *Id.* ¶ 5. And the NDAs provide for injunctive relief and damages in the case of a violation. *Id.* ¶ 6. Defendants say that Plaintiff Sarah breached the NDAs by filing this action in 2023, spreading falsehoods about the Jackson Defendants in media interviews about the underlying events, and making allegations in the CTAC contradicting statements she made about the events. *Id.* ¶ 7. The falsity of the statements is even clearer, say Defendants, because Plaintiff Sarah filed this action originally to get money from Google, not from the Jackson Defendants. *See id.* ¶ 15.

From these facts, the Jackson Defendants advance breach of contract and abuse of process claims against Plaintiff Sarah, and declaratory judgment claims against both Plaintiffs.

B. Procedural Background

The case has a complex procedural history. To resolve the present motion, the Court need only recount that Plaintiffs' claims in their Consolidated Third Amended Complaint

(CTAC, Dkt. # 193) largely survived dismissal. *See Alonso v. Jackson*, 2026 WL 291031 (W.D. Wash. Feb. 4, 2026) (granting Defendants' motion to dismiss with respect to one count but otherwise denying the motion); *see also id.* *1–2 (recounting factual background and procedural history). Defendants then answered the complaint and asserted three counterclaims against Plaintiffs. *See generally* Dkt. # 258.

Plaintiffs now move under Rule 12(b)(6) and Rule 12(f) to dismiss and/or strike the counterclaims. *See* Dkt. # 260. They also seek to strike some of the counterclaims and to recover fees under Washington's Uniform Public Expression Protection Act (UPEPA). *Id.*

## III
## DISCUSSION

A. Applicable Rule 12 Standards

"The same standards applicable on a motion to dismiss a plaintiff's claim apply when considering a motion to dismiss a defendant's counterclaim." *Aventa Learning, Inc. v. K12, Inc.*, 830 F. Supp. 2d 1083, 1104 (W.D. Wash. 2011) (citation omitted).

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Twombly*, 550 U.S. at 556). Dismissal is proper only if the plaintiff has not alleged a "cognizable legal theory" or there is an "absence of sufficient facts alleged to support a cognizable legal theory." *Navarro v. Block*, 250 F.3d 729, 732 (9th Cir. 2001). And when considering such a motion, the Court construes the allegations in the light most favorable to the nonmoving party. *Livid Holdings Ltd.*, 416 F.3d at 946. The Court must accept all well-pleaded

facts as true and draw all reasonable inferences in favor of the plaintiff. *Wyler Summit P'ship v. Turner Broad. Sys., Inc.*, 135 F.3d 658, 661 (9th Cir. 1998).

A court "may strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." Fed. R. Civ. P. 12(f).[1] In deciding a Rule 12(f) motion to strike, a court should not resolve disputed and substantial factual or legal issues. *See Whittlestone, Inc. v. Handi-Craft Co.*, 618 F.3d 970, 973–75 (9th Cir. 2010) ("We . . . hold that Rule 12(f) does not authorize district courts to strike claims for damages on the ground that such claims are precluded as a matter of law."). Rather, the "function of a [Rule] 12(f) motion to strike is to avoid the expenditure of time and money that must arise from litigating spurious issues by dispensing with those issues prior to trial[.]" *Id.* at 973 (quoting *Fantasy, Inc. v. Fogerty*, 984 F.2d 1524, 1527 (9th Cir. 1993), *rev'd on other grounds*, 510 U.S. 517 (1994)).

B. Analysis

First, Counterclaims I (breach of contract) and III (abuse of process) are directed at only Plaintiff Sarah, and Counterclaim II(declaratory judgment) is directed against both Plaintiffs. But Defendants plead no specific facts in their counterclaims about Plaintiff Regina Alonso. *See* Dkt. # 258 (counterclaims) ¶¶ 14–20 (only describing actions taken by Plaintiff Sarah). Thus, the Court dismisses the counterclaims with respect to Plaintiff Regina, because they make no allegations about her conduct.

1. Counterclaim I

The first counterclaim asserts breach of contract based on the NDA between Plaintiff Sarah and Defendants. But the Speak Out Act may bar the enforcement of the NDA against Plaintiff Sarah.

[1] Defendants argue against Plaintiffs' purported request to strike all nine of their affirmative defenses. *See* Dkt. # 262 at 13–15. But Plaintiffs have not moved for such relief.

The Speak Out Act provides that "[w]ith respect to a sexual assault dispute or sexual harassment dispute, no nondisclosure clause or nondisparagement clause agreed to *before the dispute arises* shall be judicially enforceable in instances in which conduct is alleged to have violated Federal, Tribal, or State law." 42 U.S.C. § 19403 (emphasis added).

All the requirements of the Act seem to be met here. First, when the Court denied the Jackson Defendants' motion to dismiss the CTAC, it determined that Plaintiffs had validly stated federal claims concerning sexual assault. *See Alonso v. Jackson*, 2026 WL 291031, at *4–6 (W.D. Wash. Feb. 4, 2026). And the counterclaims are asserted over the same transactions and occurrences in which Plaintiff Sarah says that the Jackson Defendants sexually assaulted her. Thus, for the statute's purposes, the breach of NDA counterclaim appears to concern "a sexual assault dispute" "in which conduct is alleged to have violated Federal" law. *See* 42 U.S.C. § 19403. Defendants' suggestion that Plaintiff Sarah is lying and that the breach of NDA concerns the lies, *see* Dkt. # 258 (Counterclaims) ¶ 9, does not rescue their position, since the underlying dispute still concerns an alleged sexual assault. The NDA was signed in 2019, Plaintiff Sarah's initial lawsuit was filed on March 2, 2023, *see* Dkt. # 1, and the Jackson Defendants asserted breach of NDA counterclaims on February 6, 2026. Dkt. # 258. Thus, the NDA claims arose after the enactment of the Speak Out Act on December 7, 2022, and the pertinent NDA was agreed to before the claims concerning the underlying sexual assault dispute were filed. The Speak Out Act appears to bar enforcement of the NDA against Plaintiff Sarah, which would mean that Defendants have no available relief for their first counterclaim.

The Court acknowledges that Defendants have not briefed the Speak Out Act issue. Accordingly, the Court ORDERS Defendants to show cause why Counterclaim Count I should not be dismissed as barred by that Act by August 17, 2026. Defendants may also withdraw the

counterclaim or amend it if any such factual basis exists (i.e., entirely unconnected to the underlying sexual assault dispute).

2. Counterclaim II

The second counterclaim purports to seeks a declaration that Plaintiffs' factual allegations in the CTAC are false and/or inconsistent with prior statements she made. *See id.* ¶¶ 14–20. It also seeks a declaration holding that Defendants did not sexually assault Plaintiffs.

"Declaratory relief is a remedy, not a cause of action." *See Shah v. Cap. One Fin. Corp.*, 768 F. Supp. 3d 1033, 1052 (N.D. Cal. 2025); *see also Fiedler v. Clark*, 714 F.2d 77, 79 (9th Cir. 1983) (Declaratory Judgment Act "does not provide an independent jurisdictional basis for suits in federal court" but "only permits the district court to adopt a specific remedy when jurisdiction exists."). Accordingly, the Court will not dismiss Counterclaim II for failure to state a claim as, in actuality, it is not a claim but a request for relief. This ruling does not prejudice Plaintiffs from challenging this request for relief on other grounds.

3. Counterclaim III

Defendants' third counterclaim levels an abuse of process claim against Plaintiff Sarah. They allege that Plaintiff Sarah sued them only to extract money from Google, a deeper-pocketed defendant since dismissed from the case.

"The elements of a claim for abuse of process are (1) the existence of an ulterior purpose to accomplish an object not within the proper scope of the process, and (2) an act in the use of legal process not proper in the regular prosecution of the proceedings." *Anderson v. City of Bellevue*, 862 F. Supp. 2d 1095, 1109 (W.D. Wash. 2012) (citing *Mark v. Williams*, 45 Wash. App. 182, 191, 724 P.2d 428 (1986)). "The mere institution of a legal proceeding even with a malicious motive does not constitute an abuse of process." *Fite v. Lee*, 11 Wash. App. 21, 27–28 (1974).

Here, Plaintiff Sarah does not seek to "accomplish an object not within the proper scope of the process" at issue—the suit. Defendants claim that Plaintiff Sarah "never really wanted" to sue Defendants and only named them in the original suit to facilitate the true purpose of winning damages from Google. *See* Dkt. # 258 (counterclaims) ¶¶ 22–23. But even if Sarah's lack of desire to sue Defendants were true (the only factual basis for their abuse of process claim), such lack of desire does not make the suit an abuse of process. Filing a suit for damages over an alleged sexual assault is not improper. Plaintiff does not seek to surreptitiously force Defendants "to do some collateral thing which [they] could not legally be compelled to do" other than pay damages. *Fite*, 11 Wash. App. at 28. And Defendants identify no case in which an abuse of process claim was allowed to proceed on similar facts.

C. Motion to Strike

Plaintiffs also request that the Court strike Counterclaims I and III under UPEPA, RCW 4.105.010 *et seq.*, an anti-SLAPP (strategic lawsuit against public participation) statute. *See* Dkt. # 260 at 13–14. They also seek the attorney fees under the statute. *Id.*

The Court cannot grant this request. UPEPA covers Defendants' counterclaims against Plaintiffs. *See* RCW 4.105.010(2), (c) (UPEPA applies to a "cause of action asserted in a civil action against a person based on a person's" exercise of the right of petition). But UPEPA also requires parties served with covered pleadings, here Plaintiffs, to "provide written notice to the" party serving the covered pleading (Defendants) "of its intent to file the motion at least 14 days prior to filing the motion." RCW 4.105.020(1). Plaintiffs have included no record of their serving such notice to Defendants.

Plaintiffs suggest that Rule 12(f) still provides a basis to strike under UPEPA, arguing that federal pleading rules apply to striking the counterclaims, "regardless of whether UPEPA is ultimately implicated." Dkt. # 263 at 3. But a motion under UPEPA is procedurally distinct

from one under Rule 12(f), and Plaintiffs are silent on their failure to comply with these procedural requirements. *See* RCW 4.105.020 (providing for "special motion for expedited relief"). And no authority appears to allow a party to avoid UPEPA's procedural requirements through Rule 12(f). Accordingly, the Court DENIES this branch of Plaintiffs' motion and declines to award fees under UPEPA.

D. Leave to Amend

"Leave to amend shall be freely given when justice so requires, and this policy is to be applied with extreme liberality." *Desertrain v. City of Los Angeles*, 754 F.3d 1147, 1154 (9th Cir. 2014) (citation modified). Even if a complaint is deficient, the Ninth Circuit has "repeatedly held that 'a district court should grant leave to amend even if no request to amend the pleading was made, unless it determines that the pleading could not be cured by the allegation of other facts.'" *Lopez v. Smith*, 203 F.3d 1122, 1130 (9th Cir. 2000) (quoting *Doe v. United States*, 58 F.3d 494, 497 (9th Cir. 1995)).

Here, Defendants have requested leave to amend their counterclaims should the Court dismiss them. *See* Dkt. # 262 at 19 (filed under seal). They may seek to amend counterclaims against Regina. Count I could be amended to assert NDA breach claims wholly unrelated to the underlying sexual assault dispute. And as discussed above, Count II is not a proper counterclaim but a request for relief. Count III could be amended, if facts can show some other ulterior purpose on the part of Plaintiff Sarah. Thus, the Court grants leave to amend with respect to Count III of Defendants' Counterclaims.

## IV
## CONCLUSION

For the reasons above, the Court GRANTS IN PART and DENIES IN PART Plaintiffs' motion, as follows:

- The Court DISMISSES any counterclaims against Plaintiff Regina without prejudice and with leave to amend. Defendants may amend by August 17, 2026
- The Court ORDERS Defendants to show cause why Counterclaim Count I should not be dismissed with prejudice as barred by the Speak Out Act. Defendants must show cause by August 17, 2026, or else withdraw or amend the counterclaim by that date.
- The Court DISMISSES Counterclaim Count III without prejudice and with leave to amend. Defendants may amend Counterclaim Count III by August 17, 2026.

Dated this 3rd day of August, 2026.

John H. Chun
United States District Judge