**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF WASHINGTON**
**AT TACOMA**

SARAH and REGINA ALONSO,

Plaintiffs,

v.

JAMES JACKSON, also known online as "ONISION," and LUCAS JACKSON, formerly known online as "LAINEYBOT," "LAINEY" and "KAI,"

Defendants.

Case No. 3:25-cv-05594-JHC

**PLAINTIFFS' CORRECTED RESPONSE TO DEFENDANTS' MOTION TO COMPEL [288]**

**COME NOW,** Plaintiffs SARAH and REGINA ALONSO, by and through undersigned counsel, and respectfully submit this Response in Opposition to Defendants' Motion to Compel and To Set Sarah's Deposition (Dkt. 288), and state as follows:

## I. STATEMENT OF FACTS & RELEVANT PROCEDURAL HISTORY

Plaintiffs timely served written responses to each set of Defendants' discovery requests. Haba Decl. ¶ 3. On August 25, 2026, the Court ordered Plaintiffs to make the proper production within 14 days. ECF No. 284. Plaintiffs complied.



THE HABA LAW FIRM, P.A.
3112 W. Lake Mary Blvd.
Lake Mary, FL 32746
Tel: 844-422-2529

On September 8, Defendants challenged Sarah's responses to RFP Nos. 1-4 and 14-17 and Regina's responses to RFP Nos. 1-17. ECF No. 288-2 at 4, 6. On September 19, they challenged Sarah's interrogatory answers and both Plaintiffs' answers to RFA Nos. 2-3, and asked Plaintiffs to supplement their damages disclosures. ECF No. 288-2 at 10-12.

The parties conferred by telephone on September 24. Afterward, Mr. Jackson circulated a 26-item agenda that reorganized the communications disputes around Sarah's RFP Nos. 1-3 and Regina's RFP Nos. 1-2 and 6. ECF No. 288-2 at 16. On September 25, Plaintiffs' counsel explained in writing that the "missing" Bates numbers were four video files in the original production and said Plaintiffs would respond to the deficiency list in writing. ECF No. 289-1 ¶¶ 36-39 & Ex. E; ECF No. 288-2 at 19. Mr. Jackson replied that the explanation "may resolve the Bates-number question." ECF No. 288-2 at 23.

On October 1, counsel confirmed that Regina had no further communication records beyond those produced. Id. at 25. Counsel committed to respond by October 8, and asked Defendants to identify the particular RFAs at issue, give the basis for each concern, and put any deficiency items in writing. ECF No. 289-7 at 2; ECF No. 288-2 at 27-28.

On October 7, both Plaintiffs served supplemental productions. ECF No. 290 at 5; ECF No. 288-2 at 30. That evening, Defendants sent a new deficiency email that "supplements my September 8 deficiency list and September 24 agenda; it replaces neither." It identified a different set of requests, raised new objections, including objections to Plaintiffs' "equally available" and Rule 408 positions, and demanded a written response by October 8 and completion by October 14. Id. Ex. 8 at 2-5. Defendants filed this Motion on October 15. ECF No. 288.

On October 23, the Court ordered that future discovery conferrals may proceed through substantive written communications. ECF No. 292 at 1-2.



THE HABA LAW FIRM, P.A.
3112 W. Lake Mary Blvd.
Lake Mary, FL 32746
Tel: 844-422-2529

On October 24, Mr. Jackson served Third Requests for Admission on Sarah (Nos. 67-114). Haba Decl. ¶ 5. On October 28, Regina responded to Lucas Jackson's First Requests for Admission, and he sent a deficiency letter the same day. Id. ¶ 22 & Ex. 11. On November 4, Defendants asked Plaintiffs to address the issues raised across all of their prior correspondence. Plaintiffs' counsel confirmed receipt on November 5. Id. ¶ 23 & Ex. 12. On November 6, both Plaintiffs served amended responses to James Jackson's First Requests for Admission, and Sarah served amended responses to his Second Requests for Admission. Id. ¶ 24 & Ex. 13.

## II. ARGUMENT

### A. Defendants Did Not Confer In Good Faith Before Filing

Before moving to compel, a movant must certify that it has in good faith conferred or attempted to confer with the person or party failing to make disclosure or discovery in an effort to resolve the dispute without court action. LCR 37(a)(1). Noncompliance is a ground for denial without addressing the merits of the dispute. *Crofts v. Issaquah Sch. Dist.*, No. C17-1365RAJ, 2018 U.S. Dist. LEXIS 54868, at *2-3 (W.D. Wash. Mar. 30, 2018). The rule ensures that only genuine disagreements are brought before the Court. *King v. Stach*, No. C16-1420-JCC-BAT, 2017 U.S. Dist. LEXIS 52579, at *2-3 (W.D. Wash. Apr. 5, 2017).

The requirement "is not a meaningless formality, nor is it optional; instead, the purpose of a meet and confer requirement is for the parties to engage in a meaningful dialogue about their respective positions on disputed issues to see whether they can resolve (or at least refine) the disputes without court intervention." *Doe v. G6 Hosp. Prop. LLC*, 817 F. Supp. 3d 1074, 1082-83 (W.D. Wash. 2025) (quoting *In re Glumetza Antitrust Litig.*, 2020 WL 3498067, at *5 (N.D. Cal. June 29, 2020)). The *Doe* court warned that it "will summarily deny motions that are not preceded by a meaningful, substantive discussion about the motion." *Id.* at 1083.



THE HABA LAW FIRM, P.A.
3112 W. Lake Mary Blvd.
Lake Mary, FL 32746
Tel: 844-422-2529

Defendants' motion recites that both Defendants took part in the September 24 telephone conference and asked for further meetings. ECF No. 288 at 3. A recital is not enough. Good faith cannot be shown merely through the perfunctory parroting of statutory language on the certificate to secure court intervention; rather it mandates a genuine attempt to resolve the discovery dispute through non-judicial means. *Shuffle Master, Inc. v. Progressive Games, Inc.*, 170 F.R.D. 166, 171 (D. Nev. 1996).

**1. Repeated, Fragmented Demands Followed by a Motion Are Not a Good-Faith Effort to Resolve Discovery Disputes**

Conferral requires a "sincere effort" in which both parties present the merits of their respective positions and meaningfully assess the relative strengths of each. *Id.* at 172 (citing *Nevada Power Co. v. Monsanto Co.,* 151 F.R.D. 118 (D. Nev. 1993)). It requires "genuine two-way communication" addressing "each specific discovery dispute." *Id.* at 173. "[F]iling multiple discovery requests does not constitute compliance with the LCR 37 meet and confer requirement." *Greenwood,* 2023 U.S. Dist. LEXIS 112720, at *4. By the same reasoning, serial deficiency demands are no substitute for conferral. Disagreements over whether discovery is complete are the kind of dispute the conferral requirement exists to resolve before a motion is filed. See id. at *5. "[P]arties do not satisfy the conference requirements simply by requesting or demanding compliance with the requests for discovery." *Compass Bank v. Shamgochian*, 287 F.R.D. 397, 399 (S.D. Tex. 2012) (quoting *Cotracom Commodity Trading Co. v. Seaboard Corp.,* 189 F.R.D. 456, 459 (D. Kan. 1999)). A single letter unilaterally identifying flaws in the opposing party's responses and setting an arbitrary response deadline "would seem to be inadequate." Id. at 400. The Court has since confirmed that substantive written conferral is the appropriate means of conferral in this case. ECF No. 292 at 2. The exchange that process contemplates had not occurred when Defendants filed.



THE HABA LAW FIRM, P.A.
3112 W. Lake Mary Blvd.
Lake Mary, FL 32746
Tel: 844-422-2529

**a) Plaintiffs responded and offered a written process to resolve the remaining disputes.**

Defendants assert that Plaintiff's Counsel has additionally refused to respond to numerous emails requesting a cure of these issues and more, and that Plaintiffs failed to meet the October 8 date. ECF No. 288 at 3; ECF No. 288-3 ¶ 16. The record shows otherwise.

After the September 24 meet and confer conference, Plaintiffs' counsel told Defendants in writing that "[w]e received your list of what you believe is deficient - we will review and respond in writing." ECF No. 288-2 at 41. Mr. Jackson had requested that format himself months earlier: "Going forward, please communicate substantive matters in writing whenever practicable." ECF No. 290-1 at 19. Plaintiffs' counsel promptly addressed the two concrete issues raised during the conference: [t]he missing Bates-number ranges identified in the productions; and ... [the] request for complete communications involving Plaintiff(s). ECF No. 288-2 at 41. The next morning, Plaintiffs' counsel told Mr. Jackson that the supposedly missing Bates numbers were never missing: "If you look at the dropbox sent to you, what you identify as "missing" was in the original dropbox sent to you. There are four (4) videos in each Plaintiff's folder and each has a batestamp." *Id.* Mr. Jackson acknowledged that this "explanation concerning the four videos may resolve the Bates-number question." *Id.* at 46. Plaintiff's counsel subsequently emailed and confirmed that the documents produced for Regina's communications were all that were in Plaintiff's possession custody and control. ECF No. 288-2 at 25.

On October 1, counsel stated that Plaintiffs were currently reviewing and determining if there are further responsive documents. We will respond on or before Oct 8th. ECF No. 288-2 at 50. Counsel also asked Defendants to send in writing whatever deficiency items you have identified. We will review and respond in writing. *Id.*



THE HABA LAW FIRM, P.A.
3112 W. Lake Mary Blvd.
Lake Mary, FL 32746
Tel: 844-422-2529

Plaintiffs acted on those commitments. On October 7, one day before the date counsel had given, both Plaintiffs served supplemental productions totaling 839 additional Bates numbers per Plaintiff. ECF No. 288-2 at 30, 32. Defendants concede that Plaintiffs provided supplemental production on October 7. ECF No. 290 at 5. Plaintiffs' written responses were still in progress when, that same evening, Defendants redefined the requests at issue, as discussed below, and Defendants filed the Motion eight days later. Defendants' objection to the production is that it did not include a request-by-request account of what it cured. ECF No. 288-2 at 32-35. Rule 34(b)(2)(E)(i) allows a party to produce documents either as they are kept in the usual course of business or organized and labeled to correspond to the request categories. Nothing in the Rule requires a supplemental production to come with a narrative explaining which previously asserted deficiencies it cures.

**b) Defendants' Demands Changed in Scope and Substance Throughout the Conferral Period, Preventing the Focused Exchange Rule 37 Requires**

Conferral works only when both sides are discussing the same disputes. The purpose of the requirement is for the parties to engage in a meaningful dialogue about their respective positions on disputed issues to see whether they can resolve (or at least refine) the disputes without court intervention. *Doe v. G6 Hosp. Prop. LLC*, 817 F. Supp. 3d 1074, 1083 (W.D. Wash. 2025).

The clearest example is the set of requests Defendants call "complete communications." Defendants identified those requests differently four times in five weeks. Their September 8 letter identified Sarah's RFP Nos. 1-4 and 14-17 and Regina's RFP Nos. 1-17. ECF No. 288-2 at 4, 6. At the September 24 conference, the communications issue narrowed to complete communications involving Sarah from RFP 1 and 2, along with a request concerning Regina



THE HABA LAW FIRM, P.A.
3112 W. Lake Mary Blvd.
Lake Mary, FL 32746
Tel: 844-422-2529

000034-000072. *Id.* at 16, 19. The October 7 email then listed Sarah's S1-4, S7, S9-10, S14, S16-17, S32 and Regina's R1-7, R9-14, R30. *Id.* at 33. Eight days later, the Motion sought Sarah's S1-4, 14, 16 and Regina's R1-7, 13-14. ECF No. 288 at 13. So the October 7 email added Sarah's RFP Nos. 7, 9, 10, and 32 for the first time, and the Motion dropped them along with Nos. 15 and 17. Regina's requests went from Nos. 1-17, to a list that omitted Nos. 8 and 15-17 but added No. 30, to the narrower set in the Motion. Plaintiffs could not cleanly resolve a dispute whose boundaries kept moving.

The demands grew in substance as well as shifting in scope. Defendants' September 8 letter addressed Plaintiffs' production. It ended by reserving the right to identify additional deficiencies upon continued review or upon receipt of supplemental responses and production. ECF No. 288-2 at 9. On September 19, Defendants opened a separate track challenging Sarah's interrogatory answers and both Plaintiffs' answers to RFA Nos. 2-3, and added a request concerning damages disclosures. *Id.* at 10-12. Defendants insisted that this second track proceed separately: they did not agree to consolidate the later interrogatory and admission disputes into the same session as the September 24 production conference. *Id.* at 15.

During the September 24 conference, only two concrete issues were identified: [t]he missing Bates-number ranges identified in the productions; and ... [the] request for complete communications involving Sarah from RFP 1 and 2. *Id.* at 19. Defendants' written account of the call nevertheless recast the dispute as a list of topics. Several were not framed that way in the September 8 letter, such as Each Plaintiff's accepted Blackfin/Discovery agreements, signatures or acceptance records, amendments, confidentiality terms. *Id.* at 16. Plaintiffs' counsel promptly resolved the first issue in writing. Defendants acknowledged that the explanation may resolve the Bates-number question. *Id.* at 23. On October 1, counsel resolved the second issue,



THE HABA LAW FIRM, P.A.
3112 W. Lake Mary Blvd.
Lake Mary, FL 32746
Tel: 844-422-2529

confirming that there were no additional communications available beyond what had been provided. ECF No. 288-2 at 25.

On October 1, counsel asked Defendants to put their remaining items in writing. Six days later, Plaintiffs served supplemental production for both Plaintiffs. *Id.* at 27, 30. That evening, Defendants sent a further email stating that it defendants were supplementing the September 8 deficiency list and September 24 agenda. *Id.* at 32. That email went well beyond the earlier lists. It raised the following new matters:

- alleged duplication within the new production;
- a numerical count of objection-only responses in Plaintiffs' July 10 RFP responses;
- challenges to Plaintiffs' "equally available" objections and reliance on Rule 408;
- an asserted "serious Rule 26(g) quality-control issue" without explanation; and
- an eight-part cure list, with a written response due the next day and completion by October 14, 2026.

*Id.* at 32-35. Because that email expressly left the prior lists in place, Plaintiffs then had to reconcile three overlapping documents: the September 8 letter, the September 24 agenda, and the October 7 email. Each identified the requests differently.

The Motion then reorganized the disputes again. It groups the requests into four new categories, communications, media, supporting and agency records, and sources and preservation, none of which tracks the prior lists. ECF No. 288 at 13. It also seeks relief Defendants had not raised with Plaintiffs in that form. It asks that each Plaintiff, for any missing records, "identify their last known location, circumstances of unavailability, and reasonable recovery efforts." Id. It demands complete, verified supplementation of Interrogatory Nos. 1-25, every interrogatory served, even though the September 19 letter had proposed narrowing several of them. Id. at 14; ECF No. 288-2 at 11. It also ties Defendants' damages demand to Plaintiffs'



THE HABA LAW FIRM, P.A.
3112 W. Lake Mary Blvd.
Lake Mary, FL 32746
Tel: 844-422-2529

admissions to RFA Nos. 7-11, seeking identification of remaining damages categories and bases, with computations. ECF No. 288 at 15.

Plaintiffs do not suggest that Defendants could never refine their requests. The point is narrower. A good-faith conferral process gives the responding party a stable set of specific disputes and a reasonable opportunity to address them before motion practice. See *Doe*, 817 F. Supp. 3d at 1082-83. Here, Plaintiffs answered the issues raised at the conference, served supplemental production, and invited written identification of any remaining items. Each response was met with a restated, expanded, or reorganized list carrying a new, short deadline set by Defendants, and the Motion followed eight days after the last expansion. That sequence amounts to a series of demands for compliance followed by motion practice, which *Greenwood* and *Compass Bank* explain does not satisfy the conferral requirement. *Greenwood*, 2023 U.S. Dist. LEXIS 112720, at *4; *Compass Bank*, 287 F.R.D. at 400. The Court should decline to reach the merits.

**c) Defendants' conduct does not satisfy LCR 37(a)(1).**

First, no substantive conferral ever took place on two of the four categories of relief Defendants seek. Their certification identifies one conference, on September 24, 2026 and acknowledges that "interrogatory and admission disputes were not reached." ECF No. 288 at 2. Yet Sections IV.B and IV.C ask the Court to compel verified supplementation of Interrogatory Nos. 1-25 and amended answers to RFA Nos. 2-3. Id. at 14-15. When Plaintiffs' counsel then asked Defendants in writing to "identify the particular requests at issue and the specific basis for your concern so that we can evaluate and address those issues," ECF No. 289-7 at 2, Mr. Jackson declined, stating, "I do not want to add another task to the overdue tasks you already have." Id. at 1. Declining a request for clarification on the very issues the movant intends to bring to the Court "is not an indication of an effort made in 'good faith.'" *King,* 2017 U.S. Dist. LEXIS 52579,



THE HABA LAW FIRM, P.A.
3112 W. Lake Mary Blvd.
Lake Mary, FL 32746
Tel: 844-422-2529

at *3. Nor was the clarification request unnecessary. Even if Defendants' September 19 letter identified RFA Nos. 2-3, the parties never exchanged positions on those requests before the Motion. Since then, both Plaintiffs have served amended responses to James Jackson's First Requests for Admission, and Sarah has served amended responses to his Second Requests for Admission. Haba Decl. ¶ 6. To the extent Section IV.C seeks amended answers to those requests, that relief has been overtaken by Plaintiffs' service of amended responses and should be addressed, if at all, through written conferral under ECF No. 292.

Second, the production issues Defendants first raised on October 7 were never the subject of any conferral before the Motion. In *Shuffle Master*, the court denied a motion to compel where the movant never conferred about the specific dispute it ultimately presented. *Shuffle Master*, 170 F.R.D. at 172. Defendants' October 7 email challenged, for the first time, Plaintiffs' "equally available" and Rule 408 objections and alleged duplication within the newly served production. It recast prior concerns as a "serious Rule 26(g) quality-control issue," demanded a written response the next day, and demanded completion by October 14. ECF No. 288-2 at 32-35. Defendants filed the Motion eight days later, before any exchange on those issues had occurred.

Third, Defendants' reliance on the October 8 date does not establish good-faith conferral. Plaintiffs' counsel committed on October 1 to respond on or before October 8, and Plaintiffs served supplemental productions of 839 additional Bates numbers per Plaintiff on October 7. ECF No. 288-2 at 27-28, 30, 32. Defendants answered that production the same evening with a new, expanded list rather than a narrowed one. Plaintiffs' written responses were still being prepared against requests that had just been redefined when Defendants filed the Motion eight days later. A movant that resets the scope of the dispute and then files before the responding party can address the new scope has not engaged in the "meaningful, substantive discussion" LCR 37 requires. *Doe*, 817 F. Supp. 3d at 1083.



THE HABA LAW FIRM, P.A.
3112 W. Lake Mary Blvd.
Lake Mary, FL 32746
Tel: 844-422-2529

**d) Defendants' conduct does not satisfy LCR 37(a)(1).**

The movant must identify each disputed request, the response to it, and why the response is deficient. *Hancock v. Aetna Life Ins. Co.*, 321 F.R.D. 383, 390 (W.D. Wash. 2017); *Agnew v. Macy's Retail Holdings, LLC*, No. 2:25-cv-02006-JHC, 2026 U.S. Dist. LEXIS 163694, at *13 (W.D. Wash. July 23, 2026). "Without knowing which responses plaintiff seeks to compel or on what grounds, the court cannot grant plaintiff's motion." *Flournoy v. Maness*, No. 2:11-cv-2844-KJM-EFB P, 2016 U.S. Dist. LEXIS 152131, at *6 (E.D. Cal. 2016) (quoting *Brooks v. Alameida*, No. CIV S-03-2343 JAM EFB, 2009 U.S. Dist. LEXIS 9568 (E.D. Cal. 2009)).

Defendants do not meet that burden. They sort dozens of RFPs into four categories ("Communications," "Media," supporting and agency records, and "Sources and preservation") and demand "complete" materials for each. They never match a request to its response or say what is missing. ECF No. 288 at 12-13. Their demand for a sworn search account is not tied to any request or identified omission. Id. at 13. Plaintiffs produced all responsive documents in their possession, custody, or control after a reasonable search, and they will supplement as Rule 26(e) requires. Haba Decl. ¶ 4. Defendants seek supplementation of all twenty-five interrogatories. The few specifics they give, that No. 4 "omits comparison visits," No. 12 "refers to objections," and No. 14 identifies no "qualifying disclosure," do not explain why any answer is incomplete or any objection lacks merit. ECF No. 288 at 14; see *Agnew*, 2026 U.S. Dist. LEXIS 163694, at *14. They also group RFA Nos. 2-3 and 7-11 under a blanket demand for "amended answers" without explaining why any single response is deficient. ECF No. 288 at 15. Plaintiffs have since served amended responses. Haba Decl. ¶ 6. Defendants' correspondence cannot fill these gaps, because the motion itself must identify the disputed requests. *Agnew*, 2026 U.S. Dist. LEXIS 163694, at *26.



THE HABA LAW FIRM, P.A.
3112 W. Lake Mary Blvd.
Lake Mary, FL 32746
Tel: 844-422-2529

**e) Defendants Have Not Specifically Identified or Substantiated the Claimed Discovery Deficiencies**

A movant must do more than characterize discovery responses collectively as incomplete. Under *Hancock*, Defendants bear the burden of identifying the discovery requests at issue and explaining, for each disputed response, why the requested information is relevant and why the responding party's objections lack merit. *Hancock*, 321 F.R.D. at 390; *Agnew*, 2026 U.S. DIST. LEXIS 163694 at *13 ("As part of this burden, the moving party must identify each disputed discovery request, the response to each request, and an argument why the response is deficient.").

Courts in this Circuit apply the same requirement: the movant must inform the court of "(1) which discovery requests are the subject of his motion to compel, (2) which of defendants' responses are disputed, (3) why he believes defendants' responses are deficient, (4) why defendants' objections are not justified, and (5) why the information he seeks through discovery is relevant to the prosecution of this action." *Flournoy v. Maness*, No. 2:11-cv-2844-KJM-EFB P, 2016 U.S. Dist. LEXIS 152131, at *6 (E.D. Cal. 2016) (citing *Brooks v. Alameida*, No. CIV S-03-2343 JAM EFB U.S. Dist. LEXIS 9568, (E.D. Cal. 2009) ("Without knowing which responses plaintiff seeks to compel or on what grounds, the court cannot grant plaintiff's motion"). Identifying request numbers and categorizing them collectively alone is insufficient.

First, Defendants group dozens of requests for production into four broad categories—"Communications," "Media," Supporting and agency records, and "Sources and preservation"—and then demand all "complete" materials for each category, amended responses, and detailed search information (Dkt. 288, at 12–13). However, Defendants fair to pair each request with the corresponding response, identify which responsive material is allegedly absent, or explain how the existing production fails to answer that particular request. The citations to broad exhibit-page



THE HABA LAW FIRM, P.A.
3112 W. Lake Mary Blvd.
Lake Mary, FL 32746
Tel: 844-422-2529

ranges do not supply the request-by-request analysis that *Hancock* requires. *Hancock,* 321 F.R.D. at 390.

Defendants' demand for a sworn search account (Dkt. 288, at 13) is likewise not tied to a specific discovery request, disputed response, or identified omission. Plaintiffs have provided all responsive documents within their possession, custody, or control after a reasonable search, will supplement as Rule 26(e) requires, and cannot produce documents that they simply do not have. Haba Decl. ¶ 4.

Defendants' interrogatory request suffers the same defect. Defendants seek supplementation of all twenty-five interrogatories and group them by subject matter, without explaining the claimed omission in each answer or establishing the relevance of the additional facts demanded (Dkt. 288, at 14). The few specifics that are mentioned - that No. 4 "omits comparison visits," No. 12 "refers to objections," and No. 14 identifies no "qualifying disclosure" - do not explain why the existing answers are incomplete or why any particular objection lacks merit (Dkt. 288, at 12). *Agnew*, 2026 U.S. DIST. LEXIS 163694 at *14 (declining to grant discovery relief where the moving party failed to explain the relevance of information sought, why the answer is deficient, or why it fails to provide Plaintiffs with the information they sought).

Defendants' intersecting argument regarding RFA responses and damages likewise fails to provide the information necessary to address them. Defendants group together RFAs 2 -3 and 7-11, making a blanket statement that "amended answers [are required]" (Dkt. 288, at 15). Defendants do not identify each disputed request, its response, or why it is deficient. *Hancock*, 321 F.R.D. at 390; *Agnew*, 2026 U.S. DIST. LEXIS 163694 at *13 (declining to grant discovery relief where the responding party failed to specify any specific RFA that was not answered and does not challenge any response or objection as legally deficient).



THE HABA LAW FIRM, P.A.
3112 W. Lake Mary Blvd.
Lake Mary, FL 32746
Tel: 844-422-2529

More specific assertions in correspondence with Plaintiffs do not cure this omission. In *Agnew*, the court rejected the movants' reliance on emails identifying RFAs whose objections they considered unsatisfactory because their briefing did not identify for the court which RFAs remained disputed. *Id.***,** 2026 U.S. Dist. LEXIS 163694, at *26. Defendants' correspondence likewise cannot substitute for request-specific briefing.

### B. The Court Should Defer Compelled Scheduling of Sarah's Deposition Until It Resolves Plaintiffs' Forthcoming Protective-Order Motion

Plaintiffs do not seek to prevent Sarah's deposition and recognize that Defendants' may depose any person, including a party, subject to the limits and protections of the discovery rules. Fed. R. Civ. Pro. 30. Plaintiffs ask only that the deposition proceed under conditions that protect Sarah from specific, foreseeable harm.

Under Rule 26(c)(1), a party may move for a protective order, and the Court may, for good cause, issue an order protecting against "annoyance, embarrassment, oppression, or undue burden or expense." Fed. R. Civ. P. 26(c)(1). Plaintiffs will promptly move for a protective order governing the deposition's manner, scope, and conditions.

## LCR 7(e)(6) CERTIFICATION

I certify that the foregoing motion contains 4035 words, in compliance with the Local Civil Rule 7(e).

## CERTIFICATE OF SERVICE

I hereby certify that on November 10, 2026, I electronically filed the foregoing with the Clerk of the Court using the PACER CM/ECF system which will send notification of such filing to all attorney(s) and persons of record.



THE HABA LAW FIRM, P.A.
3112 W. Lake Mary Blvd.
Lake Mary, FL 32746
Tel: 844-422-2529

By: <u>*/s/ Lisa D. Haba*</u>
LISA D. HABA



THE HABA LAW FIRM, P.A.
3112 W. Lake Mary Blvd.
Lake Mary, FL 32746
Tel: 844-422-2529